577 So.2d 216 (1991)
STATE of Louisiana
v.
Clay C. FREEMAN.
No. 90 KA 0563.
Court of Appeal of Louisiana, First Circuit.
March 5, 1991.
Writ Denied May 24, 1991.
*217 Bernard B. Boudreaux, Jr., Dist. Atty., Franklin, Walter J. Senette, Asst. Dist. Atty., for the State.
Don J. Hernandez, Chief Indigent Defender, Franklin, for defendant.
Before EDWARDS, WATKINS and LeBLANC, JJ.
WATKINS, Judge.
The defendant, Clay C. Freeman, was charged by bill of information with simple burglary and theft of $500.00 or more, in violation of LSA-R.S. 14:62 and 67. He was tried by a jury and convicted of both offenses. The State filed an habitual offender bill of information; thereafter, the defendant was adjudicated a second felony habitual offender. The defendant received concurrent sentences of twenty-four years at hard labor for the simple burglary conviction and twenty years at hard labor for the theft conviction. The defendant's convictions and sentences were affirmed on appeal. State v. Freeman, 444 So.2d 243 (La.App. 1st Cir.1983), writ denied, 447 So.2d 1076 (La.1984). Subsequently, in an unpublished opinion, this Court granted one of the defendant's post-conviction relief applications and vacated the habitual offender adjudications. State ex rel. Freeman v. State, KW 89 0108, April 10, 1989. On resentencing, defendant received consecutive sentences of twelve years at hard labor for the simple burglary conviction and ten years at hard labor for the theft conviction. The defendant has appealed *218 from the resentencing, alleging three assignments of error, as follows:
1. The trial court erred in imposing consecutive sentences.
2. The trial court erred in providing the jury with a verdict form containing the offenses of theft and burglary, when the theft constituted an element of the burglary.
3. The trial court erred in imposing excessive sentences.
Assignment of error number two was not briefed on appeal and, therefore, is considered abandoned. Uniform Rules Courts of Appeal, Rule 2-12.4.
The instant convictions arose from the October 19, 1981, burglary of a Chevrolet dealership located outside of Morgan City, Louisiana, and the theft of two new vehicles and several additional items therefrom. The facts of these offenses were more fully detailed in the defendant's original appeal.
ASSIGNMENTS OF ERROR NUMBERS ONE AND THREE:
In assignment of error number one, the defendant contends that the trial court erred in imposing consecutive sentences. In assignment of error number three, the defendant contends that the trial court erred in imposing excessive sentences.
The Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. LSA-C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Chaisson, 507 So.2d 248 (La.App. 1st Cir.1987). In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182 (La.App. 1st Cir.1988).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762 (La. 1979). However, the trial court has great discretion in imposing a sentence within the statutory limits; such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Garner, 532 So.2d 429 (La.App. 1st Cir. 1988).
At the original sentencing hearing, the trial court reviewed the facts of the instant offenses and considered the defendant's age, marital status, dependents, education, and extensive criminal record. The trial court found that it was a "dead certainty" that the defendant would commit further offenses if he received a suspended sentence and probation. The trial court stated that the defendant was in need of correctional treatment and concluded that only imprisonment could prevent the defendant from committing further crimes. Therefore, the trial court imposed maximum sentences for both offenses. However, the trial court ordered the sentences to run concurrently, rather than consecutively. In doing so, the trial court specifically stated: "I do make these sentences concurrent rather than consecutive, as the crimes are basically the same, so instead of forty-four years at hard labor, the sentence is twenty-four years at hard labor."
Upon resentencing, the trial court specifically noted that the defendant's habitual offender adjudications had been vacated by this Court. The trial court referred to the defendant's lengthy criminal record contained in the supplemental presentence investigation report. The trial court stated that, as in the original sentencing hearing, it concluded the defendant would commit further crimes upon his release from prison. Before imposing maximum sentences of twelve years at hard labor for the simple burglary conviction and ten years at hard labor for the theft conviction, and ordering them to run consecutively, the trial court specifically noted that it had considered North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and United States v. Pimienta-Redondo, 874 F.2d 9 (1st Cir.), cert. denied, ___ U.S.___, 110 S.Ct. 233, 107 L.Ed.2d 185 (1989).
Initially, we note that there is no Pearce violation because the defendant did not receive increased sentences upon resentencing. *219 Although the trial court ordered the instant sentences to run consecutively, rather than concurrently (as it had done at the original sentencing hearing), there is no indication that the trial court was being vindictive. Instead, by imposing sentences totaling twenty-two years at hard labor, the trial court was obviously trying to come as close to its original sentencing scheme (a total of twenty-four years at hard labor) as possible.[1]
LSA-C.Cr.P. art. 883 provides, in pertinent part:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively.
The imposition of consecutive sentences requires particular justification when the crimes arise from a single course of conduct. State v. Buie, 477 So.2d 157 (La. App. 1st Cir.1985). However, even if the convictions arise out of a single course of conduct, consecutive sentences are not necessarily excessive. Other factors must be taken into consideration in making this determination. State v. Ferguson, 540 So.2d 1116 (La.App. 1st Cir.1989). For instance, consecutive sentences are justified when the offender poses an unusual risk to the safety of the public due to his past conduct or repeated criminality. State v. Grimes, 527 So.2d 1079 (La.App. 1st Cir.), writ denied, 533 So.2d 15 (La.1988).
In our view, the trial court was justified in imposing consecutive sentences in this case, notwithstanding the fact that the two convictions arose from the same criminal act or transaction. The supplemental presentence investigation report indicated that the defendant had at least seven felony convictions and two misdemeanor convictions, as well as numerous misdemeanor and felony arrests. The defendant committed the instant offenses only two days after his release from prison. The supplemental presentence investigation report also indicated that the defendant was wanted for burglary in Georgia and that he had apparently committed a burglary in Poplarville, Mississippi, while fleeing to Florida after committing the instant offenses.
This Court has stated that the maximum sentence may be imposed only in cases involving the most serious offenses and worst offenders. State v. Easley, 432 So.2d 910 (La.App. 1st Cir.1983). As noted above, upon resentencing, the defendant received maximum sentences for the instant offenses. However, we find that the imposition of maximum sentences for these offenses was justified by the same reasons which support the imposition of consecutive sentences. The defendant's criminal record dates back to 1963. He has felony convictions in Oklahoma, Florida, and Louisiana, and may have committed burglaries in two other states. The defendant is obviously a hardened, career criminal. Under these circumstances, we find no abuse of discretion in the sentences imposed.
These assignments of error are meritless.

DOUBLE JEOPARDY
In his brief to this Court, the defendant has raised the issue of double jeopardy, although this argument was not assigned as error. Ordinarily, this Court will not consider arguments which are neither assigned as error nor related to errors patent on the face of the record. State v. Williams, 319 So.2d 404 (La.1975); State v. Spears, 525 So.2d 329 n. 4 (La.App. 1st Cir.), writ denied, 532 So.2d 175 (La.1988). While double jeopardy is usually raised in a pretrial motion to quash, it can be raised at any time, but only once. LSA-C.Cr.P. arts. 532(6) and 594. The defendant did not raise this issue before trial, during trial, or *220 in his appeal. However, in his original post-conviction relief application to the district court and to this Court, the issue of double jeopardy was raised as claim number four therein. The district court denied the defendant's post-conviction relief application on January 3, 1985. In an unpublished decision, this Court also denied the defendant's original post-conviction relief application. State ex rel. Freeman v. Blackburn, KW 85 0271, April 3, 1985. The defendant's writ application to the Supreme Court was initially granted, 477 So.2d 694, but later recalled. State ex rel. Freeman v. State, 85-KH-0760, January 23, 1986, 481 So.2d 132.
In any event, this claim of double jeopardy is meritless because the crimes of simple burglary and theft required proof of different elements. Once the defendant entered a building at the Chevrolet dealership without permission and with the intent to commit a felony or theft therein, the offense of simple burglary had been completed. However, the offense of theft of $500.00 or more was complete only when the defendant and his accomplice actually took (with an intent to permanently deprive) the two vehicles and the other items. See State v. Solomon, 379 So.2d 1078 (La. 1980).
For the reasons assigned, the defendant's convictions and sentences are affirmed.
CONVICTIONS AND SENTENCES AFFIRMED.
NOTES
[1] As the United States Supreme Court has recognized, the Pearce presumption is restricted to circumstances "in which there is a `reasonable likelihood' ... that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 2205, 104 L.Ed.2d 865 (1989) (citations omitted). Where the court "merely impose[s] the same sentence for the same conduct," the sentence has not been increased and the Pearce presumption is inapplicable. United States v. Cataldo, 832 F.2d 869, 875 (5th Cir.1987), cert. denied, 485 U.S. 1022, 108 S.Ct. 1577, 99 L.Ed.2d 892 (1988).