EDWARDS, Judge.
Defendant, Charles Tenner, was charged by bill of information with five counts of armed robbery, violations of LSA-R.S. 14:64. Defendant entered a plea of not guilty to each count. The State entered a nolle prosequi to counts one, two, and three and amended counts four and five to counts one and two. Defendant was rear-raigned and pled not guilty to counts one and two. Following a jury trial, defendant was found guilty as charged. Defendant was sentenced to serve ninety-nine years at hard labor without benefit of probation, parole, or suspension of sentence on each count, with the sentences to run consecutively. On appeal, defendant urges the following assignments of error:
1. Insufficient evidence was presented at the trial to establish beyond a reasonable doubt that defendant was guilty of armed robbery.
2. The trial court erred in allowing the State to introduce into evidence a certain photograph of defendant.
3. The sentences imposed on the defendant are unconstitutionally cruel, unusual and excessive under both the United States Constitution and the Louisiana Constitution.
4. The trial court erred in failing to adequately comply with the requirements of the Louisiana Code of Criminal Procedure Article 894.1, in articulating sentencing considerations.
Assignments of error not briefed by a defendant on appeal are considered abandoned. Uniform Rules-Courts of Appeal, Rule 2-12.4. In brief, defendant merely lists assignment of error number two. No argument is made, and no authorities are cited as to that assignment. Therefore, assignment of error number two is deemed abandoned. See State v. Schaub, 563 So.2d 974, 975 (La.App. 1st Cir.1990).
On the afternoon of February 2, 1990, defendant entered a Shop-N-Gas convenience store in Raceland, Louisiana. Defendant walked to the drink cooler, grabbed a six-pack of beer, and went to the cash register with the beer in one hand and a gun in the other. Defendant pointed the gun at Mary Loupe, the cashier on duty in the store, and told her to take the money out of the cash register and put it on the counter. Loupe testified that two people then walked into the store. One went to the bathroom; and the other, Patrick Richard, went to the back of the store, picked up two cold drinks and walked to the front of the store to pay for the drinks. Richard pulled his money out of his wallet; and defendant pointed the gun at Richard and said, “Give me the rest of your money and your wallet.” Richard testified that he saw defendant at the counter when he walked in the store but did not see his gun until defendant pointed it at him. Richard handed defendant his wallet and money. Defendant left the store with the money Loupe had given him from the cash register and Richard’s money and wallet. Defendant’s gun was defective, and he almost shot himself as he ran away from the store. The police were given a description of the assailant and the getaway car by the victims and witnesses. Defendant was arrested when the car in which he was riding was stopped by the police because it matched the description of the getaway car.
Prior to trial Loupe picked out defendant as the assailant from a book of photographs. Odel Porter identified defendant as the man he saw throw Richard’s wallet into a ditch. Both Loupe and Richard positively identified the defendant at trial as being the man who robbed them at gunpoint.
ASSIGNMENT OF ERROR NUMBER ONE
In his first assignment of error, defendant contends that insufficient evidence was presented at trial to establish beyond a reasonable doubt that he was guilty of armed robbery. Defendant argues that the State did not meet the burden of proof necessary to support a guilty verdict.
*1320 Initially, we note that the record does not reflect that defendant filed a motion for post verdict judgment of acquittal. In order to challenge a conviction on the basis of insufficiency of the evidence, defendant should have proceeded by way of a motion for post verdict judgment of acquittal. See La.C.Cr.P. art. 821. Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error.
When reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under that standard, a reviewing court must determine if a rational trier of fact, viewing the evidence in the light most favorable to the state, could have found that each essential element of the offense was proved beyond a reasonable doubt. La.C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099, 1101 (La.App. 1st Cir.1983).
Defendant was apprehended by police in the getaway car that was used in the armed robberies not long after the crimes took place. Defendant was also positively identified by Loupe and Richard as the assailant who robbed them at gunpoint.
Viewing all of the evidence presented at trial in the light most favorable to the state, any rational trier of fact could have concluded beyond a reasonable doubt that the state proved all of the elements of armed robbery and defendant’s identity as the perpetrator. Hence, this assignment of error is meritless.
ASSIGNMENTS OF ERROR NUMBERS THREE AND FOUR:
In these assignments of error defendant contends that the trial judge erred in failing to comply with the sentencing guidelines of La.C.Cr.P. art. 894.1 and in imposing excessive sentences.
The Louisiana Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La.C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (La.1990). In light of the criteria expressed by article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court’s stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1st Cir.1988).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial court has wide discretion in imposing a sentence within the statutory limits; and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1st Cir.1990).
Before imposing sentence, the trial judge briefly reviewed the facts of the instant offense, defendant’s background and his criminal record. The trial judge noted that defendant had been arrested numerous times and that defendant committed the armed robberies at issue soon after his “getting out of jail party.” The trial judge stated that defendant was in need of custodial treatment and separation from society before someone was hurt. The trial judge felt that any lesser sentences would deprecate the seriousness of the offenses. The trial judge further pointed out that the gun defendant carried during the armed robberies was defective such that he almost shot himself and easily could have harmed someone else in the course of the robberies. The trial judge stated that the defendant acted with no provocation whatsoever, other than wanting money for crack cocaine which he was smoking at the time. The trial judge felt that there was nothing to excuse or justify defendant’s criminal conduct which was the result of *1321 circumstances that were likely to recur. Additionally, the trial judge stated that he did not feel that defendant would respond to any probationary treatment. Considering the above, we find that the trial court adequately complied with the article 894.1 guidelines.
Further, we do not feel that the sentences imposed in this case are excessive. Defendant was sentenced to ninety-nine years at hard labor without benefit of probation, parole, or suspension of sentence on each count of armed robbery, with the sentences to be served consecutively.
La.C.Cr.P. art. 883 provides, in pertinent part:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively.
The imposition of consecutive sentences requires particular justification when the crimes arise from a single course of conduct. State v. Buie, 477 So.2d 157, 166 (La.App. 1st Cir.1985). However, even if the convictions arise out of a single course of conduct, consecutive sentences are not necessarily excessive. Other factors must be taken into consideration in making this determination. State v. Ferguson, 540 So.2d 1116, 1123 (La.App. 1st Cir.1989). For instance, consecutive sentences are justified when the offender poses an unusual risk to the safety of the public due to his past conduct or repeated criminality. State v. Freeman, 577 So.2d 216, 219 (La. App. 1st Cir.), writ denied, 580 So.2d 668 (La.1991); State v. Grimes, 527 So.2d 1079, 1082 (La.App. 1st Cir.), writ denied, 533 So.2d 15 (La.1988).
In our view, the trial court was justified in imposing consecutive sentences in this case. Defendant previously had been arrested no less than ten times and had felony convictions for receiving stolen things and simple burglary. Defendant violated his probation on both convictions; and, subsequently, each probation was revoked. The defendant committed the instant offenses soon after his release from prison.
The sentence for an armed robbery conviction ranges from five years to ninety-nine years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. LSA-R.S. 14:64(B). Thus, defendant received the maximum sentence on both convictions of armed robbery. This court has stated that the maximum sentence may be imposed only in cases involving the most serious offenses and the worst offenders. State v. Easley, 432 So.2d 910, 914 (La.App. 1st Cir.1983). We find that the imposition of maximum sentences for these offenses was justified by the same reasons which support the imposition of consecutive sentences. The defendant is obviously a career criminal. Under these circumstances we find no abuse of discretion in the sentences imposed. Thus, we find these assignments of error to be without merit.
PATENT SENTENCING ERROR
Under the authority of La.C.Cr.P. art. 920(2), this court routinely reviews appellate records for patent error. After reviewing the record, we have discovered a patent sentencing error. Neither the minutes nor the sentencing transcript show that the trial court, in imposing these sentences, gave defendant credit for time spent in actual custody prior to sentencing. Such an allowance of credit is mandatory. La.C.Cr.P. art. 880. Patent sentencing error occurs when the trial court fails to specify credit for time served. State v. Hall, 287 So.2d 798, 799 (La.1973); State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). Accordingly, we find a patent sentencing error and amend the sentences to reflect that defendant is to be given credit for time served prior to the execution of his sentences. See La.C.Cr.P. art. 882(A). Resentencing is not required; however, we remand this case and order the district court to amend the commitment and the minute entry of the sentences to *1322 reflect that defendant is given credit for time served.
CONVICTIONS AFFIRMED; SENTENCES AFFIRMED AS AMENDED.