|1JONES, Judge Pro Tem.
Defendant, Phillip Wayne DeWoody, was charged by bill of information with two counts of violating LSA-R.S. 14:64, armed robbery, one count of violating LSA-R.S. 14:110(0, aggravated escapé, and one count of violating LSA-R.S. 14:44.1, second degree kidnapping.
The charges against the defendant arose from a series of events beginning August 3, 1993. On that day, DeWoody used a dangerous weapon to rob two Lincoln Parish residents at their home. He was apprehended after a manhunt and brought to the Lincoln Parish Detention Center (LPDC). On October 20, 1993, he escaped from that facility by threatening the corrections officers with a prison-made knife; to effect his escape, he kidnapped one of the officers.
On November 16, 1993, the defendant pled guilty as charged to all of the charges against him. He was sentenced on December 7,1993 to ninety-nine years without benefit of parole, probation or suspension of sentence on each of the aimed robbery charges, sentences to run concurrently; to ten years at hard labor on the aggravated escape charge, to run consecutively with the armed robbery sentences; and to forty years without benefit of parole, probation or suspension of sentence on the second degree kidnapping charge, sentence to run consecutively with the others. Each of these sentences is the maximum under the respective statutes.
Defendant’s timely motion to reconsider sentence was denied and he appealed, urging only that his sentences are constitutionally excessive under Article I, Section 20 of the 1974 Louisiana Constitution.
Sentences may be constitutionally excessive, even when within the statutory *292 limits, if they are “grossly out of proportion to the severity of the crime” or “nothing more than the purposeless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. denied in Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). As a general rule, maximum sentences are appropriate only for the most serious violations or the worst types of offenders. State v. Harden, 506 So.2d 1265 (La.App. 2d Cir.1987), writ denied, 512 So.2d 438 (La.1987). However, a sentence will |2not be set aside absent a showing of manifest abuse of the trial court’s wide sentencing discretion. State v. Eason, 624 So.2d 934, 935 (La.App. 2d Cir.l993).
In the instant case, the trial court provided a number of reasons for the sentences imposed. First, the court considered DeWoody’s significant criminal history, both as a juvenile and as an adult. This history included a conviction for simple burglary and a dismissed charge of sexual battery. Notably, the defendant had a prior conviction for armed robbery; for this 1984 offense he was sentenced to fifteen years at hard labor without benefit of parole, probation, or suspension of sentence. His 2½ year sentence for the burglary conviction was ordered served consecutively with the armed robbery sentence. However, DeWoody was early-released in June 1993; the armed robberies sub judioe occurred less than two months later.
Next, the trial judge articulated what he felt were aggravating circumstances in each of the offenses which warranted an upward departure from the 30-year concurrent sentence or 51-year consecutive sentence recommended by the Felony Sentencing Guidelines. La.S.G. 209(B). The trial judge was required to consider the Guidelines, State v. Smith, 93-0402 (La. 7/5/94), 639 So.2d 237 (on rehearing) but may exceed the maximum sentences suggested by them when the crimes are not typical.
During the armed robberies, DeWoody created a risk of death or great bodily harm to three persons, one of whom was a two-year-old girl. Defendant tied up one of the victims and held a knife to the throat of another while he searched their home for firearms and money. While armed with the knife, he’made sexual advances toward the female victim and threatened to kidnap her.
The factual circumstances here are to a substantial degree similar to those in other cases where maximum sentences for armed robbery have been upheld. See State v. Berry, 630 So.2d 1330, 1334 (La.App. 4th Cir. 1993); State v. Wimberly, 618 So.2d 908 (La.App. 1st Cir.1993) cert. denied 624 So.2d 1229 (La.1993); State v. Tenner, 593 So.2d 1317 (La.App. 1st Cir.1991) cert, granted, modified (maximum sentences upheld but run concurrently rather than consecutively) 599 So.2d 1091 (La.1992); State v. Grillette, 588 So.2d 1338 (La.App. 2d Cir.1991).
As stated in State v. Douglas, 389 So.2d 1263, 1267 (La.1980):
This court does not lightly consider the matter of a 99-year sentence imposed without hope of release on parole. There may be sound arguments against the frequent use of such sentences, but these arguments address themselves to the reasoned discretion of the sentencing judge. The function of the reviewing court is not merely to substitute this court’s judgment for that of the trial court, but to determine whether the court below manifestly abused its discretion.
Like the Douglas court, we are reluctant to say that imposition of the maximum sentences for armed robbery under the circumstances of this case was an abuse of the trial court’s wide discretion. These sentences were properly run concurrently. Tenner, supra.
Defendant’s maximum sentences for aggravated escape and second degree kidnapping are likewise supported by the record. During his escape from LPDC, De-Woody used a crude edged weapon to make his way past one corrections officer and out of his cell. Once free, he entered the prison booking office, where he assaulted another officer by placing the weapon to her throat and threatened to kill her unless he was released. Holding this officer captive with the weapon, DeWoody forced his way out of the secure area of the jail, repeating his *293 threats until the other officers allowed them outside.
The trial court noted the risk of death or great bodily harm to more than one person posed by DeWoody’s escape and the violence with which the escape was effected. Further, the court noted the “great fear” De-Woody caused the officer he kidnapped and his persistent attempts to escape from lawful custody. In addition, the trial court found that DeWoody showed no concern for the welfare of his victims and that his actions were premeditated.
These facts support the imposition of maximum sentences. LSA-R.S. 14:110(C)(2) requires the sentence for aggravated escape to run consecutively with any sentence imposed for the crimes for which an escaping criminal was being held; this sentence was imposed in accordance with law.
|4The sentence for second degree kidnapping was run consecutively to the sentence for escape. LSA-C.Cr.P. Art. 883 states:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. (Emphasis added.)
It is generally within the trial court’s discretion to order sentences to run consecutively rather than concurrently. State v. Derry, 516 So.2d 1284 (La.App. 2d Cir.1987), writ denied, 521 So.2d 1168 (La.1988). It is proper for the trial court to consider all factors surrounding the offense when determining whether to make a sentence consecutive or concurrent. Derry, supra.
The escape and kidnapping charges arose from one “act or transaction.” In imposing the maximum sentence on the kidnapping charge consecutively, the trial judge considered the defendant’s pattern of criminal conduct before, during, and after the escape, including the danger to the corrections officer during the offense and the defendant’s conduct after his escape was complete. However, we find that the court did not articulate sufficient “particular justification” for running this 40-year maximum sentence consecutively with the 10-year maximum sentence for the related escape.[1] State v. Beverly, 448 So.2d 792 (La.App. 2d Cir.1984), writ denied, 450 So.2d 951 (La.1984).
Most of what the trial judge said in this regard represented elements of the escape and kidnapping offenses themselves; and consideration of the crimes charged against defendant after he effected the escape may not be appropriate, since the record does not show that these charges were to be dismissed upon sentencing. If they were to be dismissed, then it was appropriate for the court to consider this as an advantage achieved in return for his plea. State v. Richardson, 446 So.2d 820 (La.App. 2d Cir. 1984). However, if those charges were not to be dismissed, defendant may still be tried and |5convicted on these charges. Additionally, since the record does not show that the defendant was notified that these charges would be considered and given an opportunity to respond, we think they may not constitutionally be used to support a decision to require that the 40-year kidnapping sentence be served without benefit of parole and then to require that this sentence run consecutively to the robbery and escape sentences. See State v. Ray, 423 So.2d 1116, 1120-21 (La. 1982). This offense occurred at the same time as the escape 'and presumptively should be served concurrently with it. LSA-C.Cr.P. Art. 883.[2]
Accordingly, we vacate the kidnapping sentence and order that it be made to run concurrently with the sentence for the escape *294 of which it was a part.[3] State v. Tenner, 599 So.2d 1091 (La.1992). Additionally, on remand, the trial court is directed to determine what part of this approved 40-year sentence is to be served without benefit of probation, parole or suspension of sentence. The statute does not require the entire sentence be imposed without benefit. See, e.g., State v. Hall, 616 So .2d 290 (La.App. 2d Cir.1993). If the court elects to again impose the entire forty-year maximum sentence without benefit of parole, it must state acceptable reasons for that determination, without considering facts that simply prove the elements of the crime itself and without considering the defendant’s conduct after the escape and the release of the hostage.
LSA-C.Cr.P. Art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows the court did not correctly inform defendant of this limitation. This defect has no bearing on the sentence and is not grounds to reverse the sentence. State v. Cox, 604 So.2d 189 (La.App. 2d Cir.1992); LSA-C.Cr.P. Arts. 921, 930.8(C). At his |6resentencing, the district court is directed to inform the defendant of the prescriptive period for applying for PCR, which is three years after his convictions and sentences become final. State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992); State v. Smith, 600 So.2d 745 (La.App. 2d Cir.1992).
The convictions and sentences for armed robbery and aggravated escape are affirmed; the sentence for second degree kidnapping is vacated and the case is remanded to the trial court for imposition of a sentence in accordance with this opinion.
AFFIRMED IN PART; VACATED AND REMANDED IN PART.

. We note that this 27 year old defendant must serve 109 years, 99 of it without benefit of probation, parole or suspension of sentence, before he would begin to serve any part of this sentence. This undermines protection of the public as a reason for running this sentence consecutively.

. We note further that State v. Hall, infra, requires that a defendant be told accurately the maximum sentence he faced for the charge, i.e., 40 years at hard labor without benefit of probation, parole or suspension of sentence. The sentencing transcript shows that the defendant was not told he could get a 40-year hard labor sentence without parole. Tr. pp. 12-13.

. The constitution requires that discretionary "stacking” of long maximum sentences that must be served without benefit of parole should clearly be reserved only for “the most serious violation of the offense and the worst type of offender.” State v. Harden, 506 So.2d 1265, 1273 (La.App. 2d Cir.1987); LSA-Const. Art. 1, Sec. 20.