685 So.2d 346 (1996)
STATE of Louisiana
v.
Jerome CARTER, a/k/a Calvin Baker, a/k/a Calvin P. Casimer, Jr., a/k/a Andrew Calvin.
No. 96-KA-358.
Court of Appeal of Louisiana, Fifth Circuit.
November 26, 1996.
*348 Jack M. Capella, District Attorney, Leigh Anne Wall, Assistant District Attorney, Gretna, for Plaintiff/Appellee.
Linda Davis-Short, Gretna, for Defendant/Appellant.
Before BOWES, GRISBAUM and DALEY, JJ.
DALEY, Judge.
Defendant, Jerome Carter, appeals his conviction and sentence for theft over $500, a violation of LSA-R.S. 14:67. For the reasons below, we affirm the conviction, vacate the sentence, and remand for resentencing and other instructions.
Carter was charged by bill of information with first degree robbery, a violation of LSA-R.S. 14:64.1. The state later amended the charged offense to theft of merchandise valued at more than $500.00, a violation of LSA-R.S. 14:67. Defendant pled not guilty and filed pre-trial motions, including a Motion to Suppress his statement and his identification. At the conclusion of the trial on September 15, 1993, the six person jury found defendant guilty as charged. On September 27, 1993, the state filed a Bill of Information alleging defendant was a fourth multiple offender. On September 30, 1993, defendant filed a Pro Se Motion for Appeal. On October 14, 1993, defendant was sentenced by the trial court to nine (9) years at hard labor, with credit for time served. The trial court also advised defendant of the prescriptive period for filing for post-conviction relief. On that same date, defendant pled not guilty to the multiple offender bill of information. On October 21, 1993, defense counsel filed a Motion for Appeal. On October 25, 1994, a hearing was held on the multiple offender bill. At that time, the prosecutor stated that the state would only attempt to prove that defendant was a triple *349 multiple offender based upon two prior felony convictions. Defendant was sentenced to eighteen (18) years at hard labor without probation and suspension of sentence; defendant objected to the sentence on that day. On that day the trial court also granted the Motion for Appeal.
On March 14, 1995, defendant filed a Motion to Reconsider his sentence. On March 21, 1995, defense counsel filed a Motion For an Out-Of-Time Appeal because the original appeal was never lodged. On March 22, 1995, the trial court denied the Motion to Reconsider defendant's sentence and granted the Motion For an Out-Of-Time Appeal. On June 14, 1995, at a show cause hearing, the Motion For Out-Of-Time Appeal was again orally granted.
On appeal, defendant argues eight assignments of error:
1. The trial court erred in denying defendant's motion for a mistrial when the state's witness made reference to an arrest register.
2. The trial court erred in denying defendant's motion for a mistrial when the prosecutor read defendant's aliases from a rap sheet.
3. The trial court erred in limiting cross examination and excluding photographs the defense attempted to use in cross-examination.
4. The trial court erred in allowing a state witness to give her opinion as to whether the defendant was acting suspicious.
5. The trial court erred in imposing an excessive sentence.
6. The trial court erred in sentencing the defendant on the multiple offender bill without vacating the defendant's previous sentence.
7. The trial court erred in failing to properly advise the defendant of the prescriptive period for post conviction relief.
8. The trial court erred in failing to include all responsive verdicts.
Defendant also asks this court to review the record for errors patent.

FACTS
About 7:00 p.m. on December 2, 1992, a man entered a Shoe Town store and asked for a particular brand of tennis shoe. After being told the store did not sell that brand, the man remained about 20 to 30 minutes to look at the clothing merchandise. Suddenly, the man grabbed numerous clothing items from a rack and ran towards the door. A salesperson, Adrian Gunthrie, and the manager, Ann Welch, followed him. However, when the man stated that he "had a gun" Welch told the employee to "let him go." Gunthrie saw the man enter a gray or silver car as a passenger; another person drove the car from the premises. Welch went outside and found an address book laying by the door. When Jefferson Parish Sheriff deputies came to investigate the theft, Welch gave the book to them. The investigating officer found the name of Calvin Baker on a document in the book. Using this name, the officer complied a photographic lineup containing Baker's picture. Both Welch and Gunthrie positively identified the picture of Calvin Baker as the offender. After Baker was arrested, the investigating officer discovered that Calvin Baker's real name was Jerome Carter. While he was in jail, Baker/Carter spoke with the investigating officer and admitted that his girlfriend owned a blue car which could be mistaken for the color silver and admitted to owning a maroon address book. However, he refused to sign a written statement admitting to these facts.
At trial both Welch and Gunthrie positively identified defendant as the man who stole the items from the store and as the man they identified in the photographic lineup. Defendant presented the testimony of alibi witnesses, including two friends, a sister and girlfriend. Each witness testified that between 7:00 and 8:00 p.m. on the night of the theft that defendant, accompanied by James Smith, drove another friend, Dorothy Refuge, to her church. The witnesses stated that defendant used Smith's vehicle, a brown 1970's model Mercedes Benz, to drive to the church; they denied that defendant used his girlfriend's car. Defendant's girlfriend, Caroline Sanders, testified that the maroon address book belonged to her and that she lost *350 it on the day of the theft while shopping at Lakeside Mall. Defendant's sister also testified that she was shopping with Sanders when Sanders lost the address book.

ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, defendant contends that the trial court erred in not granting his Motion for Mistrial based upon a state witness's reference to an arrest warrant found in an address book she believed belonged to the perpetrator, in violation of LSA-C.Cr.P. art. 770.
The state contends that since the witness was not a police officer or a court official, the mandatory mistrial provisions do not apply. It also argues that since the witness did not refer to a specific crime, defendant was not entitled to a mistrial. Additionally, the state contends that the document (evidence of a traffic citation) mentioned in the witness's testimony was admissible as res gestae evidence because it was found at the scene.
The complained of testimony shows that the witness merely stated, "[T]here was a blue paper in there, something with an arrest warrant, or just been released or something." Before any more testimony, defendant counsel objected and requested a mistrial.
Mistrial is a drastic remedy which should be declared only when unnecessary prejudice results to the accused. State v. Smith, 430 So.2d 31 (La.1983); State v. Alexander, 351 So.2d 505 (La.1977); State v. Holmes, 94-907 (La.App. 5 Cir. 3/15/95), 653 So.2d 642, 645.
LSA-C.Cr.P. art. 770 mandates a mistrial upon a motion of a defendant, "when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:... another crime committed or alleged to have been committed by the defendant as to which evidence is inadmissible." Herein, the witness was not a "court official"; if her testimony referred to another crime, mistrial under LSA-C.Cr.P. art. 770 is not required. State v. Hayes, 414 So.2d 717 (La.1982); State v. Holmes, supra.
In the instant case, the witness did not refer to a specific crime committed by defendant. She merely referred to a document found in the book as an "arrest warrant." Nor did she state that defendant's name was on the document. Since the witness did not testify that the documents contained defendant's name or referred to a crime committed by defendant, he was not put in the position of explaining the nature of the documents. Also, the record does not show that defense counsel requested that the trial judge admonish the jury. The trial court was, therefore, under no duty to admonish the jury. Accordingly, this alleged error has no merit.

ASSIGNMENT OF NUMBER TWO
In this assignment of error, defendant contends that the prosecutor's reading of aliases from defendant's rap sheet showed that defendant had prior arrests and was evidence of other crime evidence. He contends that the trial court erred in denying his Motion for Mistrial based upon the introduction of this inadmissible other crime evidence.
Defendant's argument is without merit. First, as argued by the state in its brief, the transcript shows that defense counsel never moved for a mistrial at the time of this crossexamination of a defense witness, who was asked if she knew certain names; defense counsel only objected to this line of questioning. Second, the transcript shows that the witness was merely asked if she knew certain names. The prosecutor never stated that the names were aliases of defendant or that they were obtained from defendant's rap sheet. Nor was there anything else in the record that showed that the names referred to defendant's aliases, to names on his rap sheet, or to a crime committed by defendant.

ASSIGNMENT OF ERROR NUMBER THREE
Defendant contends that his rights to confrontation and cross-examination were denied when the trial court prohibited a line of cross-examination regarding the police's failure to include in the lineup photographs of other persons with defendant's name.
*351 The state argues that the proposed crossexamination was not relevant because there was no issue of whether the correct `Jerome Carter' was arrested. Rather, the witness identified the perpetrator by a physical description, not by his name.
During the cross examination of Ann Welch, defense counsel wanted to elicit testimony that pictures of other persons named Jerome Carter were not included in the photo lineup. After Ms. Welch testified that she was not shown any photographs other than those in the lineup, defense counsel argued that he wanted to question Ms. Welch about two "mug shots" of black males named Jerome Carter which were not included in the photographic lineup. The trial court did not allow this question and stated that defense counsel could conduct the line of questioning with the detective who conducted the photographic lineup.
LSA-Const. Art. I, Sec. 16 provides, in pertinent part that, "[A]n accused is entitled to confront and cross-examine the witnesses against him, to compel the attendance of witnesses, to present a defense, and to testify in his own behalf."
The Sixth Amendment of the U.S. Constitution and LSA-Const. Art. I, Sec. 16 (1974) guarantee an accused in a criminal prosecution the right to be confronted with the witnesses against him. Confrontation, for constitutional purposes, means more than being allowed to attend the trial and hear the witnesses. The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). Cross-examination is the primary means by which the believability of a witness and the truth of his testimony are tested. State v. Hillard, 398 So.2d 1057 (La.1981), appeal after remand, 421 So.2d 220 (La.1982).
However, the extent of cross-examination is not without limitation. In order for evidence to be admissible at trial, it must be relevant. The determination concerning the relevancy of tendered evidence, and therefore the scope and extent of cross-examination, is within the discretion of the trial judge, whose rulings will not be disturbed in the absence of an abuse of discretion. State v. Garrison, 400 So.2d 874 (La.1981); State v. Brooks, 94-1031, (La.App. 5 Cir. 5/30/95), 656 So.2d 772, 776.
In addition, an accused has a constitutional right to present a defense. Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); State v. Hamilton, 441 So.2d 1192 (La.1983); State v. Carter, 570 So.2d 234 (La.App. 5 Cir.990). However, this right does not require a trial court to permit the introduction of evidence that is irrelevant or has so little probative value that is substantially outweighed by other legitimate considerations in the administration of justice. State v. Carter, supra.
"Relevant evidence" is defined in LSA-C.E. art. 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of Louisiana, the Code of Evidence, or other legislation. LSA-C.E. art. 402.
Determining that evidence is relevant is only one step in determining whether it is admissible. Even relevant evidence may be excluded if its probative value is substantially outweighed by other legitimate considerations in the administration of justice. State v. Mosby, 595 So.2d 1135 (La.1992). LSA-C.E. art. 403 states that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, or waste of time."
Ultimately, questions of relevancy and admissibility are discretion calls for the trial judge. His determinations regarding relevancy and admissibility should not be overturned absent a clear abuse of discretion. State v. Mosby, supra.
The trial judge did not abuse his discretion in prohibiting questions to the eyewitness about photographs of persons with the *352 same name as defendant, which were not included in the lineup. In regard to the identification, the name of the person who committed the theft was not relevant; the witness's out-of-court lineup identification of the suspect was made based upon his physical characteristics and without knowledge of the names of the persons in the photographic lineup. Furthermore, the trial court informed defense counsel that it could question the officer who conducted the lineup concerning the failure to include certain photographs in that lineup. However, the record reflects that defense counsel's cross-examination of Deputy Dauth did not contain any such questions.

ASSIGNMENT OF ERROR NUMBER FOUR
Defendant contends that the state erred in allowing one of the eyewitness(es) to state her opinion that defendant was acting suspiciously prior to the theft.
The state contends that the testimony was "based on her [the witness's] personal knowledge and perceptions of the defendant's actions" and was relevant to explain the witness's observations and subsequent actions.
Generally, a lay witness can only testify to the facts within his knowledge and not to impressions or opinions; however, a witness is permitted to draw reasonable inferences from his personal observations. State v. Alexander, 430 So.2d 621 (La. 1983). Where the subject of the testimony is such that any person of experience may make a natural inference from observed facts, a lay witness may testify as to such inferences, provided he also states the observed facts. LSA-C.E. art. 701; State v. Culverson, 26,874, 653 So.2d 1261, 1264-1265 (La.App. 2 Cir. 4/5/95).
Herein, the witness's testimony regarding her suspicions about defendant were a natural inference based upon her personal observations of defendant at the time and an explanation of her reason for the length of time that she continued to look at defendant. Thus, the witness was properly permitted to give the testimony regarding defendant's actions, her subsequent actions, and her inferences.

ASSIGNMENT OF ERROR NUMBER FIVE
Defendant argues that the trial court erred in imposing an excessive sentence. In the present case, defendant was convicted of theft of merchandise valued over $500.00, and was originally sentenced to nine years at hard labor. A multiple offender bill of information was subsequently filed. After a hearing, defendant was sentenced as a third felony offender to eighteen years at hard labor, without benefit of probation or suspension of sentence.
The penalty provision for the theft charge, contained in LSA-R.S. 14:67B(1), provides as follows:
B. (1) Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without had labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
Defendant was thereafter sentenced pursuant to the Habitual Offender Statute, LSA-R.S. 15:529.1, which reads, in pertinent part:
A.(1) Any person who, after having been convicted within this state of a felony or adjudicated a delinquent under Title VIII of the Louisiana Children's Code for the commission of a felony-grade violation of either the Louisiana Controlled Dangerous Substances Law involving the manufacture, distribution, or possession with intent to distribute a controlled dangerous substance or a crime of violence as listed in Paragraph (2) of this Subsection, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction *353 of said felony, shall be punished as follows:

* * * * * *
(b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
(i) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction; or ...
Pursuant to the above penalty provisions, the trial judge could have imposed a maximum sentence of twenty years. Defendant received a sentence of eighteen years and now contends that the sentence is excessive. Defendant also argues that the trial judge abused his discretion in imposing first the nine year sentence and then the eighteen year sentence without stating any reasons for the record. Defendant further asserts that the fact that the court found him to be a triple offender does not alone justify a sentence at the high end of the sentencing range.
The Louisiana Constitution in Article 1, Section 20 prohibits the imposition of excessive punishment. A sentencing is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. The sentence imposed will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits. State v. Bradham, 94-71 (La.App. 5 Cir. 5/31/94), 638 So.2d 428. Moreover, the multiple offender law expresses clear legislative intent. Repeat offenders are to receive serious sentences. State v. Gibson, 596 So.2d 832 (La. App. 5 Cir.1992).
LSA-C.Cr.P. art. 894.1 C presently provides that "[t]he court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence." However, LSA-C.Cr.P. art. 881.4 D states that "[t]he appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed."
In imposing the original nine year sentence on defendant,[1] the trial judge stated:
All right. I've reviewed his past history. I've reviewed the fact that he has many prior convictions. He seems to be an habitual offender, a Code 6.
Based on all the totality of the circumstances, and based on the sentencing guidelines, I'm going to sentence you, sir, to nine years at hard labor. I give you credit for time served.
Thereafter, when the judge imposed the eighteen year sentence on the multiple bill, he did not give any reasons for the sentence imposed other than defendant's prior criminal history. Even though the trial judge did not elaborate on the reasons for the sentence, the record supports the sentence imposed. Defendant had prior convictions. Also, during the course of this crime, defendant threatened an employee of the store stating he had a gun, although the employee did not actually see the weapon. See State v. Henderson, 94-286 (La.App. 5 Cir. 2/14/94), 648 So.2d 974.
We find no merit to defendant's argument.

ASSIGNMENT OF ERROR NUMBER SIX
The trial court erred in sentencing the defendant on the multiple offender bill without vacating the defendant's previous sentence.
In the present case, it appears from the transcript that the trial judge intended to vacate the previous sentence, but never actually did so.
LSA-R.S. 15:529.1D(3) provides:
(3) When the judge finds that he has been convicted of prior felony or felonies or adjudicated a delinquent as authorized in Subsection A, or if he acknowledges or confesses in open court, after being *354 duly cautioned as to his rights, that he has been so convicted or adjudicated, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated. The court shall provide written reasons for its determination. Either party may seek review of an adverse ruling. (Emphasis added)
Where the original sentence on the underlying offense has not been vacated at the time of defendant's sentencing as an habitual offender, the original sentence remains in effect and the subsequent sentence as a multiple offender is null and void. State v. Henderson, supra. Accordingly, defendant's sentence as a multiple offender must be vacated and the matter remanded for proper resentencing.

ASSIGNMENT OF ERROR NUMBER SEVEN
The trial court erred in failing to properly advise the defendant of the prescriptive period for post conviction relief.
Paragraph C of LSA-C.Cr.P. art. 930.8 instructs the trial judge to inform defendant at time of sentencing of the prescriptive period for post conviction relief.
In the present case, when the judge originally sentenced defendant to nine years on October 14, 1993, he advised defendant that he had "three years for any postconviction relief," whereas he should have specifically advised defendant that he had three years after the judgment of conviction and sentence has become final.
Accordingly, we instruct the trial court to send appropriate written notice to defendant of the correct statement of the law regarding the prescriptive period for post conviction relief and to file written proof in the record that defendant received the notice. See State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289.

ASSIGNMENT OF ERROR NUMBER 8
The trial court erred in failing to include all responsive verdicts.
In the present case, defendant was convicted of theft of property having a value of $500.00 or more. The responsive verdicts for theft are provided for in LSA-C.Cr.P. art. 814(26) as follows:
Theft:
1. Guilty of theft of property having a value of five hundred dollars or more.
2. Guilty of theft of property having a value of one hundred dollars or more, but less than five hundred dollars.
3. Guilty of theft of property having a value of less than one hundred dollars. Guilty of attempted theft of property having a value of one hundred dollars or more.
4. Guilty of attempted theft of property having a value of less than one hundred dollars.
5. Guilty of unauthorized use of movables having a value in excess of one thousand dollars, but only if a value in excess of one thousand dollars is stated in the indictment.
6. Guilty of unauthorized use of movables having a value of one thousand dollars or less.
7. Not guilty.
The responsive verdicts actually given by the trial judge were:
1. Guilty of the theft of property having a value of $500.00 or more.
2. Guilty of theft of property having a value of $100.00 or more, but less than $500.00.
3. Guilty of theft of property having a value of less than $100.00.
4. Guilty of attempted theft of property having a value of $100.00 or more.
5. Guilty of attempted theft of property having a value of less than $100.00.
6. Not guilty.
Defendant now argues that his conviction should be reversed because the trial court failed to include two of the responsive verdicts for theft; more specifically, unauthorized use of a movable valued at over $1,000.00, and unauthorized use of a movable valued at under $1,000.00. Defendant does *355 not set forth any authority for this argument other than to cite LSA-C.Cr.P. art. 814.
According to LSA-C.Cr.P. art. 814 D, "[w]here an offense is graded according to property value or amount of damage, the responsive verdict shall not include a grade of the offense that is greater than the property value or amount of damage charged in the indictment." Thus, defendant was not entitled to have the jury charged regarding unauthorized use of a movable over $1,000.00 since the bill did not state a value over $1,000.00.
Defendant did not request that the jury instructions be transcribed. Therefore, it is impossible to determine whether defense counsel lodged a contemporaneous objection to the trial court's failure to include all the remaining two responsive verdicts in LSA-C.Cr.P. art. 814(26). An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. LSA-C.Cr.P. art. 841. LSA-C.Cr.P. art. 801 also provides, in pertinent part, as follows:
A party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error. The nature of the objection and grounds therefor shall be stated at the time of objection. The court shall give the party an opportunity to make the objection out of the presence of the jury.
Based on LSA-C.Cr.P. arts. 801 and 841, if defendant did not object to the trial court's failure to include all the listed responsive verdicts, he is precluded from raising the issue on appeal.
However, even if defendant's allegation is correct, it does not appear that he showed prejudice as a result of the trial judge's failure to include as a responsive verdict unauthorized use of a movable at under $1,000.00. Before the conviction can be reversed on this basis, defendant must demonstrate that the inclusion or exclusion of an responsive verdict was prejudicial and that fundamental due process has been violated. State v. Serio, 94-131 (La.App. 5 Cir. 6/30/94), 641 So.2d 604, 607-608, writ denied, 94-2025 (La.12/16/94), 648 So.2d 388, reconsideration denied, 94-2025 (La.3/17/95), 651 So.2d 261, appeal after remand, 95-338 (La. App. 5 Cir. 2/14/96), 670 So.2d 1273.
In the present case, defendant failed to demonstrate that the exclusion of the responsive verdict was prejudicial, in light of the fact that the jury returned with a verdict of guilty as charged. See State v. Freeman, 444 So.2d 243 (La.App. 1 Cir.1983), writ denied, 447 So.2d 1076 (La.1984), on subsequent appeal, 577 So.2d 216 (La.App. 1 Cir. 1991), writ denied, 580 So.2d 668 (La.1991). We find no merit to this assignment of error.
Also assigned as error are any and all errors patent on the face of the record. Such a review reveals that defendant was not given credit for time served at the time he was sentenced as a multiple offender[2]. LSA-C.Cr.P. art. 880 provides that "[t]he court, when it imposes sentence, shall give a defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence." Since article 880 is mandatory in nature, the defendant is entitled to credit for time served.
An error patent review further reveals that the trial judge did not properly advise defendant of his rights in the habitual offender proceedings[3]. However, in the present case, defendant's multiple offender status was established by competent evidence offered by the state at a hearing rather than by an admission by defendant. Therefore, even though defendant was not advised of his rights, the trial court honored them. Consequently, the failure of the trial court to advise the defendant of his rights is harmless error. See State v. Washington, 563 So.2d 530 (La.App. 5 Cir.1990).
Accordingly, we affirm defendant's conviction, vacate his sentence in the multiple offender *356 proceeding, and remand for resentencing.
CONVICTION AFFIRMED; SENTENCED VACATED; REMANDED.
NOTES
[1] The Louisiana Sentencing Guidelines were in effect at the time of defendant's sentencing. Effective August 15, 1995, the legislature repealed the sentencing guidelines and amended LSA-C.Cr.P. art. 894.1 to delete reference to those guidelines and to provide the sentencing guidelines which are now in effect. Acts.1995, No. 942.
[2] However, in light of the recommendation that the sentencing be vacated and the defendant be properly resentenced, this discussion as moot.
[3] See above footnote.