ROBERT A. CHAISSON, Judge.
12Pefendant, Corey Stevenson, appeals his conviction of possession of a firearm by a convicted felon on the basis that he was denied his right to present a defense. For the reasons that follow, we affirm defendant’s conviction and sentence.

*793
PROCEDURAL HISTORY

On May 18, 2011, the Jefferson Parish District Attorney filed a bill of information charging defendant with possession of a firearm by a convicted felon in violation of LSA-R.S. M^.l.[1] At the May 20, 2011 arraignment, defendant pled not guilty. The matter proceeded to trial before a 12-person jury on May 16-17, 2012. After considering the evidence presented, the jury found defendant guilty as charged. On July 10, 2012, the trial court sentenced defendant to 15 years imprisonment with the Department of Corrections, without the benefit of parole, probation, or suspension of sentence. Defendant now appeals.

|aFACTS

On April 20, 2011, Nelson Brown, pastor of the Second Zion Baptist Church in Mar-rero, was presiding over a funeral when he received word from one of his deacons that someone had entered the church with a gun. The church was over maximum capacity that day, with approximately 500 people attending the funeral. Pastor Brown reported this incident to the police who arrived at the church within minutes of the 911 call.
When the police arrived, a deacon, who wished to remain anonymous, identified the man with the gun by providing the officers with his location and clothing description. Sergeant Fourcade, Deputy Faucetta, and Detective Hoobler[2] located defendant and asked him to accompany them into a separate room in the church. A second person sitting next to defendant was quickly patted down to ensure that the gun had not been passed. While inside the room, Deputy Faucetta began to pat defendant down. During this process, defendant attempted to escape through a side door, but the officers were able to detain him. While attempting to detain defendant, a gun fell out from underneath defendant’s shirt. The officers secured the gun, advised defendant of his Miranda[3] rights, and placed him under arrest.

RIGHT TO PRESENT A DEFENSE

In his sole assignment of error, defendant argues that he was denied his right to present a defense when the trial court prevented him from questioning the State’s witnesses regarding the investigation of Detective Hoobler for civil rights violations and his termination from the police department. Defendant contends that this information went directly towards Detective Hoobler’s credibility and was | therefore relevant and highly probative given the defense’s theory that the gun was planted.
Prior to trial, the State filed a motion in limine seeking to prohibit defendant from questioning any State witnesses regarding Detective Ronald Hoobler’s termination from the Jefferson Parish Sheriffs Office and pending criminal investigation. In its motion, the State indicated that it did not intend on calling Detective Hoobler as a witness at trial. On May 14, 2012, the court conducted a hearing on the State’s motion in limine. At the hearing, the State again asserted that it did not intend on calling Detective Hoobler as a witness *794 at trial. The State farther argued that the facts and circumstances surrounding the pending criminal investigation against Detective Hoobler were irrelevant to the instant case. Additionally, because Detective Hoobler had not been convicted of any crime, the State argued that the evidence should be excluded under LSA-C.E. arts. 608(B) and 609.1. Defendant responded that if Detective Hoobler were to testify, he should be allowed to question him on the pending criminal investigation and termination from the Jefferson Parish Sheriffs Office because it would be relevant to his credibility.
The trial court granted the State’s motion, holding that if Detective Hoobler was not called as a witness, the defense could not question other witnesses about the circumstances surrounding Detective Hoo-bler’s termination from the Sheriffs Office. However, the court did not prevent the defense from calling Detective Hoobler as a witness, and noted that if he was called, it would permit the State to re-urge its motion and would make a ruling at that time. Detective Hoobler was never called as a witness at trial.
15LSA-Const. Art. I, § 16 provides, in pertinent part: “[A]n accused is entitled to confront and cross-examine the witnesses against him, to compel the attendance of witnesses, to present a defense, and to testify in his own behalf.”
The Sixth Amendment of the United States Constitution and Article I, § 16 of the Louisiana Constitution (1974) guarantee an accused in a criminal prosecution the right to be confronted with the witnesses against him. The primary purpose of confrontation is to secure for the defendant the opportunity for cross-examination. State v. Carter, 96-358 (La.App. 5 Cir. 11/26/96), 685 So.2d 346, 351. However, the extent of cross-examination is not without limitation. In order for evidence to be admissible at trial, it must be relevant. State v. Wright, 10-577 (La.App. 5 Cir. 2/15/11), 61 So.3d 88, 102, writ denied, 11-560 (La.9/30/11), 71 So.3d 283. The determination regarding the relevancy of tendered evidence, and therefore the scope and extent of cross-examination, is within the discretion of the trial judge, whose ruling will not be disturbed absent an abuse of discretion. State v. Carter, 685 So.2d at 351.
In addition, a criminal defendant has the constitutional right to present a defense. However, this right does not require a trial court to admit evidence that is irrelevant or has so little probative value that it is substantially outweighed by other legitimate considerations in the administration of justice. State v. Wright, 61 So.3d at 103. A conviction will not be overturned where the defendant does not show that he was prejudiced by a limitation of the cross-examination of a witness. State v. Ramirez, 09-350 (La.App. 5 Cir. 12/29/09), 30 So.3d 833, 843.
Relevant evidence is any “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” LSA-C.E. art. 401. All relevant evidence is admissible, except as otherwise provided by law. |6LSA-C.E. art. 402. However, even relevant evidence may be excluded “if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.” LSA-C.E. art. 403. See State v. Wright, 61 So.3d at 103.
In the instant case, we find no merit to defendant’s argument that he was denied his right to present a defense. We first note that Detective Hoobler did not testify *795 at trial. Although defense counsel could have called Detective Hoobler as a witness, he did not. The trial court was very clear in its ruling on the State’s motion in limine that if Detective Hoobler was called as a witness, he would revisit his ruling at that time.
Moreover, defendant did not proffer any testimony or other evidence regarding the circumstances surrounding Detective Hoo-bler’s termination from the Sheriffs Office, at trial. Although it was alluded to at the motion hearing that Detective Hoobler was under a pending criminal investigation, a review of the record reveals that the facts and circumstances surrounding this investigation and his subsequent termination from the Sheriffs Office is unknown.
When the trial court excludes evidence, such as witness testimony, error may not be predicated upon a ruling unless a substantial right of the party is affected, and the substance of the evidence was made known to the court by counsel. LSA-C.E. art. 103. This Court has consistently held that when a defendant does not make known the substance of the excluded evidence for the purpose of consideration by the trial and appellate court, the alleged error is not preserved for review on appeal. See State v. Thompson, 12-409 (La.App. 5 Cir. 12/11/12), 106 So.3d 1102; State v. Watson, 02-1154 (La.App. 5 Cir. 3/25/03), 844 So.2d 198, 210, writ denied, 03-1276 (La.5/14/04), 872 So.2d 506; and State v. Stevenson, 02-79 (La.App. 5 Cir. 4/30/02), 817 So.2d 343, 347. Here, since this evidence |7was not proffered, we are unable to determine whether this information would have been relevant and whether its probative value would have been substantially outweighed by the danger of unfair prejudice.
In State v. Wright, supra, this Court addressed the same issue raised by defendant in the instant appeal. In Wright, defendant argued that he was denied his right to present a defense when the trial judge prevented him from asking Detective Rodrigue, a state witness, why Detective Barrette was no longer employed by the Jefferson Parish Sheriffs Office. This Court found that the defendant had not shown he was prejudiced by the limitation of cross-examination of Detective Ro-drigue, noting that Detective Barrette did not testify at trial, nor had Detective Rodrigue’s testimony been proffered. In so finding, this Court noted: “Since that testimony was not proffered, we are unable to determine whether it would have been relevant and whether its probative value would have been substantially outweighed by the danger of unfair prejudice.” State v. Wright, 61 So.3d at 103.
Likewise, in the instant case, defendant has failed to show how he was prejudiced by the trial court’s exclusion of the circumstances surrounding Detective Hoobler’s termination from the Sheriffs Office. In particular, defendant has made no showing of how the excluded evidence was relevant and material to his defense. We lastly note that the elements of the offense were established by the testimony of Sergeant Fourcade and Deputy Faucetta, who both testified that they observed a gun fall from defendant’s waistband.
In light of the foregoing, we find that defendant was not denied his right to present a defense and further that the trial judge did not abuse his discretion by prohibiting defendant from cross-examining witnesses regarding the circumstances surrounding Detective Hoobler’s termination from the Jefferson Parish Sheriffs | ^Office. Accordingly, the arguments raised by defendant on appeal are without merit.

ERROR PATENT REVIEW

We have also reviewed the record for errors patent in accordance with LSA- *796 C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990).
Our review reveals a discrepancy between the commitment and transcript insofar as the commitment reflects that defendant was given a proper advisal of the time period for seeking post-conviction relief as required by LSA-C.Cr.P. art. 930.8 whereas the transcript indicates an incomplete advisal. Specifically, the transcript indicates that the trial court advised defendant that “you have two years to file post conviction relief after the sentence is complete.” The transcript prevails when there is a discrepancy between the commitment and the transcript. State v. Lynch, 441 So.2d 732, 734 (La.1983). In accordance with this Court’s routine practice, we advise defendant, by this opinion, that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of LSA-C.Cr.P. arts. 914 or 922. See State v. Brooks, 12-226 (La.App. 5 Cir. 10/30/12), 103 So.3d 608, writ denied, 12-2478 (La.4/19/13), 111 So.3d 1030; State v. Taylor, 12-25 (La.App. 5 Cir. 6/28/12), 97 So.3d 522, 538; and State v. Davenport, 08-463 (La.App. 5 Cir. 11/25/08), 2 So.3d 445, 451, writ denied, 09-0158 (La.10/16/09), 19 So.3d 473. Other than this discrepancy, our review reveals no errors that require corrective action.
| ^Accordingly, for the reasons set forth herein, we affirm defendant’s conviction and sentence.

AFFIRMED

. At trial, the parties stipulated that defendant was previously convicted of attempted armed robbery on August 1, 2006, case number 460-395, Division “L” of the Criminal District Court for the Parish of Orleans.

. In their briefs, the State and defendant both spell the detective's name as Hoobler, while the transcript spells his name as Huebler. For purposes of consistency, the spelling used by the parties, Hoobler, will be used throughout this opinion.

.Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).