472 So.2d 128 (1985)
STATE of Louisiana
v.
Darnell M. WHITE.
No. 84-KA-616.
Court of Appeal of Louisiana, Fifth Circuit.
June 3, 1985.
Martha E. Sassone, Staff Appeals Counsel, Twenty-Fourth Judicial Dist., Indigent Defender Bd., Gretna, for appellant.
John M. Mamoulides, Dist. Atty., Jo Ellen McMillen, Dorothy A. Pendergast, Elizabeth M. Gaudin, Asst. Dist. Attys., Twenty-Fourth Judicial Dist., Jefferson Parish, Gretna, for appellee.
Before CHEHARDY, GRISBAUM and DUFRESNE, JJ.
CHEHARDY, Judge.
On February 26, 1982 a Jefferson Parish Grand Jury indicted Darnell M. White for the second degree murder of Lee Jackson. Following trial by jury defendant was convicted of the lesser offense of manslaughter. LSA-R.S. 14:31. He was sentenced to a term of 15 years at hard labor in the custody of the Department of Corrections. Defendant has appealed from the conviction and the sentence.
On the morning of the trial (September 2, 1982) defense counsel made an oral request for a continuance claiming the matter had been set for trial the previous day, at which time he was in court with three witnesses as well as one of the state's witnesses whom he intended to call. Another trial was started that day and defendant's attorney *129 concluded the instant case had been postponed indefinitely.
However the following morning the attorney learned his office had been contacted the previous afternoon and informed the trial was set for the next day. The attorney had not contacted his witnesses since the previous day and he requested a continuance until later in the week.
The judge refused, stating the matter had been set three times previously and the people had been in custody since February. The judge also noted that while the case was fixed for the previous day, it was well known that the docket is fixed for the entire week in accordance with the rules of court and the cases are subject to be tried on any day of the week.
Following the denial of a continuance, counsel asked for an instanter subpoena to be issued for Ronald Beasley. Beasley was not located and did not testify at the trial.
Defendant makes only one assignment of error:
The court committed reversible error in denying defense counsel's motion for a continuance.
As stated in detail above, the oral motion for a continuance was requested because the defense counsel was uncertain of the date, and several witnesses were released without being notified of a specific date and time to return to court.
The record contains no written motion for a continuance.
LSA-C.Cr.P. art. 707 provides:
"A motion for a continuance shall be in writing and shall allege specifically the grounds upon which it is based and, when made by a defendant, must be verified by his affidavit or that of his counsel. It shall be filed at least seven days prior to the commencement of trial.
"Upon written motion at any time and after contradictory hearing, the court may grant a continuance, but only upon a showing that such motion is in the interest of justice."
Our courts have consistently held that the denial of an oral motion for a continuance, in the absence of a written notice, leaves nothing for review. State v. Robicheaux, 412 So.2d 1313 (La.1982); State v. Jones, 340 So.2d 563 (La.1976); State v. Bullock, 329 So.2d 733 (La.1976); State v. Spencer, 444 So.2d 354 (La.App. 1st Cir. 1983); State v. Johnson, 440 So.2d 197 (La.App. 3d Cir. 1983), writ denied, 444 So.2d 1240 (La. 1984).
An exception to this rule is where the occurrences that allegedly made the continuance necessary arose unexpectedly and the defense had no opportunity to prepare a written motion. State v. Washington, 407 So.2d 1138 (La.1981); State v. Parsley, 369 So.2d 1292 (La.1979); State v. Clark, 437 So.2d 879 (La.App. 2d Cir.1983).
Cases involving oral motions based on the absence of a witness have been found to fit the "unexpected" or "surprise" exception where a subpoena was requested but not served. State v. Washington, supra; State v. Clark, supra, and State v. Donaldson, 439 So.2d 1138 (La.App. 4th Cir.1983).
However, when a party failed to request a subpoena for an absent witness, reviewing courts have been hesitant to find the party was surprised in such a manner to invoke an exception to the requirement of Article 707 that a request for a continuance be written. State v. Johnson, supra; State v. Buckenburger, 428 So.2d 966 (La. App. 1st Cir.1983). In the instant case, there is no showing that defendant's counsel requested a subpoena for any of the absent witnesses prior to the date of trial.
LSA-C.Cr.P. art. 709 provides:
"A motion for a continuance based upon the absence of a witness must state:
(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
(2) Facts and circumstances showing a probability that the witness will be available *130 at the time to which the trial is deferred; and
(3) Facts showing due diligence used in an effort to procure attendance of the witness."
The requirements of this article are strictly enforced by the courts. It is apparent defense counsel completely failed to comply with the requirements of this article. No statements were given as to what the absent witnesses were expected to testify; there was no showing of the materiality of that testimony, or of the necessity of the presence of those witnesses at the trial.
A decision to grant a continuance is within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. State v. Washington, supra; State v. Johnson, supra; State v. Clark, supra.
We find no error here.
For the reasons assigned the conviction and sentence are affirmed.
AFFIRMED.