562 So.2d 24 (1990)
STATE of Louisiana
v.
Deanna COLOGNE.
No. 89-KA-810.
Court of Appeal of Louisiana, Fifth Circuit.
May 16, 1990.
Mark A. Marino, Destrehan, for defendant-appellant.
Kurt Sins, 29th JDC Dist. Attorney's Office, Hahnville, for plaintiff-appellee.
Before CHEHARDY, WICKER and GOTHARD, JJ.
WICKER, Judge.
Deanna Cologne appeals her conviction of aggravated assault, La.R.S. 14:37, complaining that the judge failed to grant a continuance of her trial. We affirm; but we note that Mrs. Cologne's proper remedy is a writ of review to this court, since she was convicted of a misdemeanor. La.C. Cr.P. art. 912.1 C(1). In the interest of judicial economy, we will consider this appeal as an application for supervisory writs. City of New Orleans v. Ballansaw, 475 So.2d 768 (La.1985); State v. Boudreaux, 504 So.2d 1165 (La.App. 5th Cir. 1987).
Mrs. Cologne was arraigned on September 29, 1989; and the judge at that time appointed counsel to represent her. Her husband, who was also charged with the same offense and arraigned on the same date, refused the court-appointed attorney and informed the court that he intended to get in touch with the attorney general's office. On the date of her trial, October 26, 1989, Mrs. Cologne was unrepresented and refused to be represented by the previously appointed attorney. Consequently, the judge appointed another attorney for her. That attorney then orally moved for a continuance to subpoena grand jury testimony and a witness from the Department of Wildlife and Fisheries, Lt. Edward Adams. The judge denied the continuance, and the trial went forward. One of the state witnesses was Lt. Adams, the arresting officer, whom Mrs. Cologne's attorney wanted to subpoena; and she had the opportunity *25 for full cross-examination of this witness. state of Louisiana
The general rule is that motions for continuance be in writing, La.C.Cr.P. art. 707, since the denial of an oral motion for continuance leaves nothing for review. State v. Robicheaux, 412 So.2d 1313 (La. 1982); State v. Salgado, 473 So.2d 84 (La. App. 5th Cir.1985), writ den. 478 So.2d 1233 (La.1985). There is an exception to the general rule where the circumstances producing the motion for continuance occur unexpectedly and the counsel for the defendant had no opportunity to prepare a written motion. State v. Washington, 407 So.2d 1138 (La.1981); State v. White, 472 So.2d 128 (La.App. 5th Cir.1985).
Since Mrs. Cologne waited until the day of her trial to refuse appointed counsel, the circumstances resulting in the motion for continuance were not unexpected and any detriment to her resulting from the lack of time to prepare for trial and subpoena witnesses and records is of her own making. However, the circumstances of his last-minute appointment were certainly unexpected by Mrs. Cologne's attorney; and he apparently had no opportunity to prepare a written motion. We have reviewed the record of the case and see no detriment to Mrs. Cologne resulting from this denial, since she was well represented by her attorney.
The judge has the discretion to grant or deny motions for continuance, and we do not believe that she abused that discretion. We affirm the conviction and sentence of Deanna Cologne.
AFFIRMED.