GAUDIN, Judge.
David W. Gibson was convicted of theft and forgery in the 29th Judicial District Court and sentenced as a multiple offender to 32 years at hard labor without benefit of parole, probation or suspension of sentence.
On appeal, Gibson assigns five errors, alleging that the trial judge was wrong:
(1) in denying the defense motion for a continuance,
(2) in denying his (Gibson’s) request to discharge his court-appointed counsel,
(3) in allowing the prosecuting attorney to ask a harmful leading question,
(4) in denying defendant’s motion for a mistrial following the assistant district attorney’s prejudicial remarks to the jury, and
(5) in denying the motion for a new trial based on these prejudicial remarks.
For the following reasons, we affirm Gibson’s forgery conviction and remand for resentencing. The theft conviction is set aside.
BACKGROUND
On October 26, 1987, Sandra Thompson was in Kenner, Louisiana on business. When she returned to her hotel, she discovered that her room had been burglarized and her purse stolen. Among other things, the purse contained blank checks for Ms. Thompson’s checking account at the First Federal Savings and Loan Association and a $52.96 check from a health insurance company made payable to Ms. Thompson. The burglary was immediately reported to the Kenner Police Department.
The next day, a man later identified as Gibson drove up to one of the drive-in windows at the First Federal. He tendered two checks. One was the $52.96 insurance company check, which Gibson presented for deposit in Ms. Thompson’s account. In addition, Gibson presented another check, to be cashed. This check was for $461.18, supposedly signed by Ms. Thompson and made payable to David W. Gibson.
Along with the checks, Gibson gave the teller, Ms. Heidi Estay, a Florida driver’s license bearing the name David W. Gibson. Ms. Estay inspected the two checks and the license and decided that everything was in order. The sum of $52.96 was credited to Ms. Thompson’s checking account and $461.18 in cash was given to Gibson. He then drove off.
St. Charles Parish police later obtained an arrest warrant for Gibson and arrested him.
Gibson was not charged with actual theft of Ms. Thompson’s purse and its contents. During the prosecuting attorney’s closing argument, he said:
“You heard Ms. Thompson testify, lost her purse, checkbooks. Okay. Nobody knows who took them, and nobody is implying that Mr. Gibson took that checkbook. Nobody knows that. All we know is that they were missing.”
Gibson was charged with forgery, LSA-R.S. 14:72, and with theft of $461.18, LSA-R.S. 14:67. Forgery carries a maximum jail sentence of 10 years, with or without hard labor, while a person convicted of theft of $461.18 (more than $100.00 but less than $500.00) can receive a maximum jail sentence of two years, with or without hard labor.
At trial, Gibson neither testified in his own behalf nor did he present any defense or call any witnesses. Now on appeal, he does not argue that trial court evidence was insufficient to support either conviction. Instead he relies on the five specified assignments of error.
ASSIGNMENT NO. 1
On the day before trial, Gibson orally moved for a continuance so that he might subpoena two out-of-state witnesses, identified as residents of Florida. Neither Gibson nor his attorney provided the trial judge with any information about the anticipated testimony of these witnesses or about the relevancy and/or materiality of the testimony of these witnesses.
*669 The trial judge did make an inquiry, learning that Gibson had not previously advised his attorney of these witnesses because he (Gibson) hoped that his trial would be postponed.
LSA-C.Cr.P. art. 709 provides that a motion for a continuance based on the absence of a witness must state:
(1) facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness,
(2) facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred*, and
(3) facts showing due diligence used in an effort to produce attendance of the witness.
Gibson did not even attempt to make a satisfactory showing. The requirements of Art. 709 are strictly enforced in Louisiana. See State v. White, 472 So.2d 128 (La.App. 5 Cir.1985).
It is firmly established that a decision to either grant or deny a motion for a trial continuance is well within the trial judge’s discretion. See State v. Washington, 407 So.2d 1138 (La.1981). In Gibson’s case, there was no sufficient Art. 709 showing and no abuse of the trial judge’s discretion in rejecting the motion for a continuance.
ASSIGNMENT NOS. 2 AND 3
In these assignments of error, Gibson contends that he was denied effective representation. Before the trial started, Gibson, in open court, asked the trial judge for a new attorney because his court-appointed lawyer, Victor Bradley, Jr., according to Gibson, was too busy to devote the necessary time and effort into the defense and was involved in personal problems of his own. The trial judge denied the request, saying:
“You’re entitled under our law to have competent counsel, not counsel of your choice. And we know that Mr. Bradley is competent counsel and therefore your request is denied.”
Normally, the appropriate avenue for asserting a claim of ineffective assistance of counsel is through post-conviction relief, not by direct appeal. See State v. Truitt, 500 So.2d 355 (La.1987). Nevertheless, when the record discloses the evidence necessary to decide the issue of ineffectiveness of counsel, a reviewing court may address this issue in the interest of judicial economy, as stated in State v. Brown, 504 So.2d 1163 (La.App. 5 Cir.1987).
Here, the trial judge did not err in denying Gibson’s request before the trial started. Looking back following his convictions, Gibson now on appeal argues that his trial lawyer was not effective because he (1) failed to subpoena the two Florida witnesses, (2) failed to file a written motion for a continuance, (3) failed to properly object after the prosecuting attorney asked a state’s witness a leading question and (4) failed to file a motion in arrest of judgment because of double jeopardy.
Concerning (1) and (2), Gibson admitted that he had not timely told his counsel about the Florida witnesses, consequently, there was no time for a written motion to be prepared and filed. In essence, Gibson complains because his attorney, armed only with last-minute names of out-of-state witnesses, and nothing else pertinent, was unable to have the trial postponed. Such a failure does not constitute ineffectiveness of counsel.
Regarding (3), Gibson believes his trial attorney failed to properly object to a leading question asked of Ms. Estay, the bank teller who cashed the forged check and who was asked if she could identify Gibson. The following exchange, which refutes Gibson’s contention, took place between prosecutor Gregory Champagne, Ms. Estay and defense counsel:
“Q Do you recall how much time it took for this one?
A It took about — Well, he wanted a big sum of money, so I had to take my time and make sure that that was correct. So I would say it took about three or four minutes.
*670 Q So during the course of this transaction, how many times did you have occasion to look at this man?
A I went to the drive-up, and I picked it up. And then as I was doing the transaction, I wrote his license number down. He had his license. He was the person — The license was the same person at the car.
Q Did you look at that picture on that driver’s license?
A Yes, I did.
Q And did you look at that face—
A Yes, I did.
Q —to see if it matched?
A It was the same. That’s normal. We do that.
Q And that’s the license that alleged to be from Florida of David Gibson—
A David W. Gibson.
Q —looked like the man in the car, right?
A Yeah.
Q You see the man in court here today? Look around.
A (Witness complies.)
Q Specifically, the man that’s glaring at you right now?
A Yeah.
Q Is that the man? In the—
MR. BRADLEY:
Your Honor, I’m going to object. THE COURT:
The objection is sustained.
MR. BRADLEY:
He’s testifying. He said he’s glaring. He is testifying, and the State cannot testify. I’d ask that that be stricken from the record, the glaring. THE COURT:
So ordered.
EXAMINATION RESUMED BY MR. CHAMPAGNE:
Q You recognize the man in court today—
A Yes, I do.
Q —that cashed the check?
A Yes, I do.
Q Would you point him out, please. You’re positive that’s the man that day?
A Yes, I am.
Q Does that look like the man who was on the driver’s license, also?
A Yes, it does.”
When Ms. Estay testified, Gibson was confronted by a witness making a positive identification. Defense counsel was quick to object to the use of the word “glaring.” The trial judge recognized the validity of the objection and ruled appropriately. The foregoing colloquy cannot render defense counsel ineffective although the trial judge’s admonishment might not have been as compelling as Gibson now, looking back, thinks it could have been.
Gibson further suggests that his trial lawyer was ineffective because, in the wake of the guilty verdicts, he failed to file a motion in arrest of judgment because of double jeopardy. Gibson relies on State v. Doughty, 379 So.2d 1088 (La.1980), a case very similar to the instant one. Robert Lee Doughty was convicted of forgery and theft, as was Gibson. The Supreme Court of Louisiana vacated Doughty’s lesser (theft) conviction because of double jeopardy, stating that the forgery and theft convictions required identical proof. The Court said:
“... no additional fact, beyond that necessary to prove the theft charge, was required to warrant a conviction on the forgery charge.”
While Gibson may fault his attorney for not moving to arrest the judgment, this does not make the lawyer’s efforts during the actual trial constitutionally defective. We will consider the double jeopardy allegations later in this opinion. Gibson’s rights in this regard have not been lost or diminished.
ASSIGNMENT NOS. 4 AND 5
These assignments of error relate to these remarks made by the prosecuting attorney during closing arguments:
“The State is relying upon issuing or transferring with the intent to defraud a forged writing, known by the offender to be a forged writing. So the State has to prove he knew it to be a forged writing. *671 Now, the way we have to do that and a part of this ease, on his knowledge can only be derived through what we call circumstantial evidence. And the judge will instruct you that in order to convict on circumstantial evidence, being that he knew that this check had been forged, was if it excludes every other reasonable hypothesis, every other reasonable explanation. Has the state done that. Is there any other — There are explanations. There are excuses, you know, sure. Reasonable explanations. He steals a check and makes a deposit.” (Underlining provided.)
Gibson’s lawyer moved for a mistrial, which was denied. The trial judge offered to admonish the jury but defense counsel turned down the request, not wishing to further call the jury’s attention to any possible check-stealing implication.
Gibson was not charged with stealing the checks. He was charged with forgery and with theft of the money obtained when the forged check was cashed. Therefore, Gibson contends, the suggestion that he stole the check was an impermissible reference to another crime. LSA-C.Cr.P. art. 770 reads, in pertinent part:
“Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible ...”
The trial judge’s denial of the motion for a mistrial and his posttrial denial of a motion for a new trial were not error. An admonition was likely in order but Gibson’s counsel said no. In any event, the law is well established that a reviewing court will not overturn a conviction on grounds of improper argument unless thoroughly convinced that the remarks influenced the jury and contributed to the guilty verdict. See State v. Johnson, 406 So.2d 153 (La.1981), cited favorably in State v. Cockerham, 442 So.2d 1257 (La.App. 5 Cir.1983), at pages 1261 and 1262.
Here, the prosecutor’s comments, although inappropriate, were not of such serious nature as to mandate either a mistrial or a new trial, particularly considering the trial judge’s willingness to admonish the jury.
ERRORS PATENT
An error patent is one discoverable by a mere inspection of the record. Here, it is apparent that Gibson’s double jeopardy procedural rights were violated. We set aside the theft conviction in accord with the holdings in State v. Doughty, supra.
A presentence report was ordered by the trial judge. In it, Gibson was classified as a fifth offender because of his past and lengthy criminal record dating from 1973.
Although Gibson is a multiple offender, we remand for resentencing for several reasons. We do not know, and the record does not show, how significantly, if indeed at all, the current theft conviction contributed to Gibson’s 32-year sentence.
Also, the transcript of the multiple offender hearing does not indicate that Gibson was advised of his right to remain silent when he took the witness stand. This hearing may be rescheduled because double jeopardy principles are inapplicable to a penalty enhancement retrial. See State v. McIntyre, 496 So.2d 1204 (La.App. 5 Cir.1986).
FORGERY CONVICTION AFFIRMED; THEFT CONVICTION SET ASIDE; REMANDED FOR RESENTENCING.