596 So.2d 832 (1992)
STATE of Louisiana
v.
David GIBSON.
No. 91-KA-614.
Court of Appeal of Louisiana, Fifth Circuit.
March 16, 1992.
*833 Emile St. Pierre, Asst. Dist. Atty., Hahnville, for defendant-appellant.
Gregory A. Miller, Norco, for plaintiff-appellee.
Before BOWES, GAUDIN and DUFRESNE, JJ.
GAUDIN, Judge.
David Gibson was originally convicted of theft and forgery and sentenced as a multiple offender to 32 years at hard labor without benefit of parole, probation or suspension of sentence. This Court reversed the theft conviction because of double jeopardy. We remanded for resentencing to determine how much the theft conviction contributed, as far as the trial judge was concerned, to the 32-year sentence, which included 10 years for forgery and 22 years for being a multiple offender. 572 So.2d 666.
At the resentencing hearing, the trial judge responded to our inquiry by saying that the theft conviction was not one of her considerations in passing sentence. Instead, the 32 years was appropriate, she said, for Gibson's criminal history. She imposed the same sentence. Gibson took this appeal, contending:
(1) the sentence is excessive,
(2) it was improper for the trial judge merely to reimpose the original sentence, and
(3) the state did not prove all of the alleged convictions under the multiple offender bill.
For the following reasons, we affirm Gibson's 32-year sentence although the prohibition against parole clause is removed.
In sentencing Gibson originally on April 19, 1989, the trial judge fully articulated her reasons for imposing sentence, as required by LSA-C.Cr.P. art. 894.1. She said (1) that, if given a suspended sentence and probation, there is a risk that Gibson, considering his background, would commit yet another crime; (2) that he is in need of correctional treatment; (3) that a lesser sentence would depreciate the seriousness of this offense; (4) that there is no indication that Gibson was strongly provoked to commit any of the crimes; (5) that there was and is no excuse for his criminal activity; (6) that the victim in the instant crime was not compensated; and (7) that Gibson's extensive criminal record and his attitude show that he has no intention of ever leading a life of a law-abiding citizen but that he is dedicated to a lifetime of crime.
Gibson's record includes previous convictions for theft, possession of marijuana, possession of stolen property, forgery, attempted forgery, simple battery and simple burglary. He qualifies, as far as sentencing is concerned, under LSA-R.S. 15:529.1 A(3)(a), which states that a person convicted of a fourth (or subsequent) felony shall be sentenced for a term not less than the longest prescribed term for a first conviction but in no event less than 20 additional years.
Although the trial judge at the second sentencing did not repeat her reasons, we see no cause for a remand for a repetition. Further, we cannot say that the sentence imposed was either excessive or not in direct accord with the multiple offender sentencing statute. We are satisfied that the full record contains a sufficient showing of compliance with C.Cr.P. art. 894.1 *834 and sufficient proof of Gibson's prior criminal convictions.
Gibson, who is 40 years of age, contends, in his brief to this Court, that even assuming that he is a fifth offender, 32 years for forgery of a $461.18 check is cruel and unusual punishment and grossly disproportionate to the crime. He was not sentenced, obviously, for just his last conviction but for his many years of law-breaking. In fact the trial judge could have tacked on more than 22 extra years under the multiple offender statute.
The multiple offender law expresses clear legislative intent. Repeat offenders are to receive serious sentences.
Although the trial judge considered Gibson a career criminal, it was inadvertent to sentence him and therein prohibit parole. Neither the forgery nor multiple offender statute precludes parole. LSA-R.S. 15:574.4, one of the parole statutes, does make Gibson ineligible for parole but this prohibition should not have been part of the actual sentence.
With this amendment, we affirm Gibson's 32-year sentence.
AMENDED AND AFFIRMED.