817 So.2d 343 (2002)
STATE of Louisiana
v.
Tarell STEVENSON.
No. 02-KA-0079.
Court of Appeal of Louisiana, Fifth Circuit.
April 30, 2002.
*344 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Alan D. Alario, II, Assistant District Attorneys, Gretna, LA, for State.
Kyla Blanchard-Romanach, Baton Rouge, LA, for defendant-appellant.
Court composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
Defendant, Tarell Stevenson, was charged with possession of cocaine in violation of LSA-R.S. 14:967(C), attempting to disarm a police officer in violation of LSA-R.S. 14:27:34.6 and battery of a police officer in violation of LSA-R.S. 14:34.2. He pled not guilty and a jury trial was held on February 24, 2000 on count one, possession of cocaine. The jury found the defendant guilty as charged and he was sentenced on May 11, 2000 to five years at hard labor. Defendant orally moved for an appeal on that day and he filed a written motion on July 6, 2000.

FACTS
On October 23, 1999 at approximately 11:30 P.M., Officer Scott Vinson saw a maroon Taurus traveling at a high rate of speed on the lower part of the WestBank Expressway, near Lafayette Street. Officer Vinson followed the Taurus as it went onto the high rise portion of the Expressway east bound. He clocked the car traveling at 85 mph in a 55 mph zone. He turned on his lights and siren and attempted a traffic stop. The defendant initially pulled over, but then returned to the road and kept going toward the toll plaza. The defendant went through the toll booth with a toll tag. Officer Vinson attempted to follow but the toll gate came down on his car. The defendant turned to the right after exiting the toll booth and drove east on the service road against traffic. Officer Vinson saw smoke coming from the defendant's car, so he continued the chase. The defendant had a blow out. The car stopped and two black males jumped out of the car on Mardi Gras Boulevard in Orleans Parish. Officer Vinson chased the defendant on foot for one to one and one half blocks. He caught up with the defendant and began striking him with the expandable street stick. According to Officer Vinson, the defendant reached for his weapon so he busted the defendant's head. They fought over the weapon for 2-3 minutes. Also according to Officer Vinson, the defendant hit him in the head with a garbage can three times and attempted to choke him. The defendant also bit Officer Vinson's arm while the officer was attempting to restrain him. Officer Scott Zemlik of the Gretna Police Department and Officer Jay Bonnell of the Crescent City Connection arrived on the scene and saw Officer Vinson lying on top of the defendant, who was still struggling. Officer Zemlik stuck the defendant four times in the thigh. Officer Vinson then rolled off of the defendant and Officers Zemlik and Bonnell subdued the defendant.
The defendant was arrested and transported to the Gretna Police Station. A search was conducted and a plastic bag containing three rocks, which later tested positive for crack cocaine, were in the defendant's right front pocket. The defendant was then taken to Charity Hospital for his head injury.

ASSIGNMENT OF ERROR NUMBER ONE
As his first assignment of error, the defendant argues that the trial court erred in denying his right to recess the trial to *345 obtain the presence of a material witness for whom a subpoena had been issued and who was expected to be available the next day.
The defendant had issued a subpoena for Officer Leagans at the Gretna Police Department. The defense attempted to call Officer Leagans to testify, although he was not present at the trial. A bench conference followed and defense counsel advised the court that the subpoena had been issued and accepted at the police station. Defense counsel stated that Officer Leagans may have testimony that might impeach some of the other testimony. Defense counsel had contacted the police department two or three times prior to the trial to inform the witnesses to be on standby. He learned on that day of trial that Officer Leagans was not in the department and was not due to report to duty until sometime later that day. The trial court issued an instanter subpoena for the officer and stated it would not delay the trial simply because the officer was not present. Defense counsel objected and then called the defendant to testify. After the defendant's testimony, the trial court advised the parties that Officer Leagans was out-of-town when the subpoena was issued and had since remained out-of-town. The trial court had tried to contact Officer Leagans but was unsuccessful. Defense counsel then moved for a continuance. The trial court denied the request.
To be entitled to a recess to secure the presence of a witness, a defendant must state:
1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
3) Facts showing due diligence used in an effort to procure attendance of the witness.
LSA-C.Cr.P. art. 709.
The trial court has great discretion in granting a recess and the denial of a motion for a recess is not grounds for reversal absent an abuse of that discretion and the showing of specific prejudice. LSA-C.Cr.P. art. 712; State v. Luna, 00-858 (La.App. 5 Cir. 11/2/00), 772 So.2d 249, 255, writ denied. State v. Kelly, 96-903 (La.App. 5 Cir. 11/12/97), 704 So.2d 800, 807-808, writ denied, 97-3104 (La.4/9/98), 717 So.2d 1142. In order to show prejudicial error sufficient to warrant reversal, the defendant must show that the testimony the witness would have given would have been favorable to the defense and would indicate the possibility of a different result. State v. Luna, supra at 256.
The requirements of LSA-C.Cr.P. art. 709 are strictly enforced. State v. Gibson, 572 So.2d 666, 669 (La.App. 5 Cir. 1990). In State v. Meyers, 95-750 (La. App. 5 Cir. 11/26/96), 683 So.2d 1378, 1388-1389, writ denied, 97-0234 (La.6/20/97), 695 So.2d 1350, this Court found no abuse of the trial court's discretion in denying defendant's motion for a continuance on the basis of absent witnesses, whose testimony the defense claimed was exculpatory, where defendant failed to meet two of the three requirements of LSA-C.Cr.P. art. 709.
While defendant met the due diligence requirement of LSA-C.Cr.P. art. 709 in his efforts to secure Officer Leagans for trial, he failed to meet the first requirement by stating the facts to which Officer Leagans was expected to testify. Defendant merely stated Officer Leagans, the crime scene technician, may refute the *346 testimony of other officers regarding the search and alleged beating of defendant. He failed to offer any specifics.
On appeal, defendant argues there were discrepancies in the testimony of the officers who testified regarding when defendant sustained his head injury and claims Officer Leagans could clarify matters. Specifically, defendant testified he was beaten at the Gretna Police Department. Yet, Officers Vinson and Zemlik testified that no one hit defendant once they were at the Gretna Police Department. Defendant alleges Lieutenant Pat Gros, a defense witness, testified that she did not notice any injuries to defendant at the scene and Officer Jay Bonnell, also a defense witness, testified that he did not observe defendant to have any wounds but saw blood on his face and forehead. Defendant argues Officer Leagans "could have shed light" on the issue of whether defendant sustained additional injuries once he was taken into custody, thus supporting his theory that the cocaine was planted on him as a retaliation for his fight with Officer Vinson at the scene. Defendant's contention is speculative at best. Defendant failed to offer any specific facts regarding Officer Leagans' testimony other than to state he was the crime scene technician. Defendant did not carry his burden of showing that Officer Leagans' testimony would have been favorable to him or that it would have indicated a possibly different result. It is quite possible that Officer Leagans' testimony would not have been favorable to the defense or would have been merely cumulative. In particular, several of defendant's witnesses were not favorable to his defense. For example, Officer Chad Guidry, a defense witness, testified that defendant had a lot of blood on him at the scene. Officer Carrol James, who attended to Officer Vinson at the scene and who was also a defense witness, opined that defendant's head injury occurred at the scene because Officer Vinson's jacket was covered in blood and none of Officer Vinson's injuries would have produced that much blood.
Defendant stated nothing regarding the substance of Officer Leagans' testimony and how it was different or how it was expected to refute the testimony of those witnesses who had already testified. We find that the defendant failed to meet the requirements of LSA-C.Cr.P. art. 709 and failed to show that he was prejudiced by the failure of Officer Leagans to testify. Thus, we find that the trial court did not err in denying the defendant's motion to continue the trial.

ASSIGNMENT OF ERROR NUMBER TWO
As his second assignment of error, the defendant argues that the trial court erred in failing to allow defense counsel to fully cross-examine and impeach Lieutenant Pat Gros.
Lieutenant Pat Gros was the supervising officer with the Gretna Police Department on the night of the arrest. The defendant wanted to question Lieutenant Gros about the law pertaining to booking a suspect and the remedy for a violation of the law. The trial court did not allow such questioning and defendant argues this deprived him of an opportunity to show the jurors the corruption of the police officers. The defendant maintains the corruption of the police officers was critical to his defense that the cocaine was planted on him.
At trial, defendant questioned several witnesses regarding LSA-C.Cr.P. art. 228 which provides, in pertinent part, "[i]t is the duty of every peace officer making an arrest, or having an arrested person in his custody, promptly to conduct the person arrested to the nearest jail or police station and cause him to be booked." *347 Through his questions, defendant attempted to show he should have been brought to Orleans Parish for booking rather than the Gretna Police Station in Jefferson Parish. On appeal, defendant argues the failure of the police to book him in Orleans Parish in accordance with the law supports his defense that the police were corrupt and planted the cocaine on him while he was at the Gretna Police Station. He also suggests the police deliberately booked him in the wrong parish because they preferred to find drugs on him in Jefferson Parish rather than Orleans Parish because of the difference in the jury composition in the two parishes. Thus, defendant asserts he should have been allowed to fully cross-examine Lieutenant Pat Gros on the law pertaining to booking a suspect.
We find the defendant did not preserve his right to appeal this issue. The State objected to the defendant's line of questioning of Lieutenant Gros on the basis that it was a legal issue and confusing to the jury. The trial court did not allow the questioning and agreed that the line of questioning was asking a layman to testify regarding the law. The defendant objected, however, he did not proffer the testimony by Lieutenant Gros concerning the issues raised by his line of questioning.
According to LSA-C.E. art. 103(A)(2), in order to preserve the right to appeal a trial court ruling which excludes evidence, the defendant must make the substance of the evidence known to the trial court. The defendant in this case failed to proffer the substance of the excluded testimony, therefore, we find he is precluded from raising the issue on appeal.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990). The review reveals no errors patent in this case.
For the above reasons, we affirm the defendant's conviction for possession of cocaine.
CONVICTION AFFIRMED.