STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-615

STATE OF LOUISIANA

VERSUS

JAMES LYNDAL FOSTER

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 297,291
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Marc T. Amy, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**James C. Downs**
**District Attorney - 9th Judicial District Court**
**701 Murray Street**
**Alexandria, LA 71301**
**(318) 473-6650**
**Counsel for Appellee:**
**State of Louisiana**

**Loren Marc Lampert**
**Attorney at Law**
**P. O. Box 1472**
**Alexandria, LA 71309**
**(318) 473-6650**
**Counsel for Appellee:**
**State of Louisiana**

**Carey J. Ellis, III**
**Louisiana Appellate Project**
**707 Julia St.**
**Rayville, LA 71269**
**(318) 728-2043**
**Counsel for Defendant/Appellant:**
**James Lyndal Foster**

**James Lyndal Foster**
**Hunt Correctional Center**
**P. O. Box 719**
**St. Gabriel, LA 70776-0174**
*Pro Se*

**GREMILLION, Judge.**

Defendant, James Lyndal Foster, was tried and convicted of possession of a Schedule II controlled dangerous substance (methamphetamine) on November 5, 2009. He was sentenced to five years at hard labor. Through counsel and *pro se* briefs, he contends the trial court erred in denying his motions for continuance or mistrial, to suppress, and for new trial, and he claims ineffective assistance of counsel. The conviction and sentence are affirmed.

**FACTS**

Lieutenant Scott Weisler of the Pineville Police Department stopped a vehicle operated by Defendant because he was not wearing a seat belt. Defendant exited the vehicle, and Lieutenant Weisler asked for insurance and registration documents. Defendant went to the passenger side of the vehicle, accompanied by Lieutenant Weisler, and sat in the seat to retrieve the documentation from the glove compartment. Defendant picked up a black eyeglass case, pushed it behind him, and sat back as he looked through the glove box. Although other items were on the seat, the eyeglass case was the only one Defendant moved.

While looking in the vehicle's center console, Defendant again moved the eyeglass case "to where, again, it looked like he was trying to conceal something." His hands were "shaking really bad," he was sweating profusely, and he was talking continuously. Defendant chewed on his lip and clenched his jaw, actions Lieutenant Weisler knew from experience to be associated with methamphetamine use.

Based on Defendant's behavior, Lieutenant Weisler called another unit for backup. He performed a pat down on Defendant, and when Officer Edric Smith arrived, Lieutenant Weisler asked him to stay with Defendant while he "went and

1

conducted a frisk of the vehicle." Defendant's level of agitation increased as Lieutenant Weisler did the pat down and search of the vehicle.

Lieutenant Weisler found a clear plastic bag that was determined to contain methamphetamine inside the black eyeglass case. He also "found a glass meth smoking pipe" in the center console.

The in-car cameras in Lieutenant Weisler's vehicle captured the events to which he testified. They recorded Defendant saying he wished he would have tried to destroy, eat, or dispose of the methamphetamine. The cameras did not show the placement of Defendant and Officer Smith during the pat down or whether the vehicle's doors were closed. Had the search of the vehicle revealed nothing, Lieutenant Weisler would have written a citation for a traffic violation and Defendant would have reentered his vehicle and been on his way.

Defendant filed a motion to suppress on November 2, 2009. He sought to exclude "any and all physical evidence of any kind, nature or description . . . secured in violation of [D]efendant's constitutional and statutory rights" and "any and all derivative evidence . . . including certain statements which it is supposed are inculpatory in nature and designed for use as evidence against [Defendant] . . . under the 'fruits of the poisonous tree' doctrine." The trial court denied the motion on November 5, 2009, prior to the onset of trial, on grounds it was untimely filed.

On November 4, 2009, Defendant also filed a motion to continue the trial. The motion alleged that Defendant only learned on that date of the existence of the videotape from the in-car cameras, that the videotape was not disclosed in violation of his due process rights, and that undue prejudice would result from the denial of the motion. The trial court denied the motion on November 5, 2009, because trial had

2

already commenced at the time the motion was made.

Alternatively, Defendant sought a mistrial on the same grounds, that he did not have time to adequately prepare for trial because of the late-found videotape. Defense counsel also argued a mistrial was appropriate based on La.Code Crim.P. art. 775 because prosecutorial misconduct made it impossible for Defendant to receive a fair trial and, thus, she could not properly represent him.

The trial court addressed the motion to continue on November 5, 2009. The jury had already been selected, and counsel asked the court to hear the motion "prior to the jury coming in." The trial court immediately denied that motion. Defense counsel argued the motion when the trial court asked her to "state for the record what's happened. Because the people at the Third Circuit won't know." After her argument, counsel asked the court again for a continuance and then stated, "[i]f not, at least, Your Honor, I would have to ask for a mistrial. . . ."

As the trial court and counsel for both parties proceeded with their discussion of the motion to continue, defense counsel stated, "[w]hat I want to do, Your Honor, if you're going to deny my motion, I want to orally move for a mistrial. . . ." After defense counsel called witnesses and made a formal record of her argument, she again asked for a mistrial, not a continuance. The trial court stated:

> You have filed a Motion to Continue the Trial today. You gave this to me, and I'm going to deny your Motion for a Continuance . . . .
>
> There is a Motion to Suppress that you filed on Tuesday . . . . That is denied because it was not timely filed.
>
> . . . .
>
> So those two motions are denied, ma'am.

Defendant also filed a motion for new trial on November 13, 2009. He argued

the verdict was contrary to the law and evidence, and he again argued the trial court's prejudicial error in denying his motion to continue and in denying his request to argue the motion to suppress. The trial court denied the motion.

## ASSIGNMENT OF ERROR NUMBER ONE

Defendant argues the trial court erred by refusing to grant the motion to continue trial or for mistrial. Defense counsel first asked for a mistrial after the trial court denied her motion to continue. She asked for the opportunity to make an argument for the record on the motion to continue, and in that argument, asked for a mistrial. Counsel for the State commented, in response, "[s]o we would ask that whatever the motion is—I assume it's a motion, you're treating it as an appropriate motion, that it be denied in whatever form [defense counsel] attempts to couch it." Defense counsel later asked the court, "if you're going to deny my motion [to continue], I want to orally move for a mistrial. . . ."

Clearly, defense counsel did not argue the motion to continue and the motion for mistrial separately, but rather both at the same time. Nevertheless, we will take up each motion separately hereinbelow.

### Continuance

A motion to continue trial "shall not be granted after the trial or hearing has commenced," "when the first prospective juror is called for examination." La.Code Crim.P. arts. 708, 761. Here, the trial court noted at the hearing of the motion to continue that a jury had already been picked and, thus, the motion was inappropriate. This ruling was correct.

However, La.Code Crim.P. art. 708 also allows the trial court to consider a motion to continue as a motion for recess after the commencement of trial, and "a

4

motion for a recess is governed by the same standards as a motion for a continuance." *State v. Hollier*, 09-1084, p. 10 (La.App. 3 Cir. 4/7/10), 37 So.3d 466, 474, *writ denied*, 10-1037 (La. 12/10/10), 51 So.3d 722 (citation omitted) (quoting *State v. Riggins*, 08-714, pp. 8-9 (La.App. 5 Cir. 4/7/09), 13 So.3d 187, 192, *writ denied*, 09-1045 (La. 1/22/10), 25 So.3d 129). The denial of a request for a recess will not be reversed absent a showing of abuse of discretion and specific prejudice. *Id.*

Here, Defendant claims he was prejudiced by the introduction of the late-discovered in-car videotape. Arguing the motion to continue, defense counsel alleged she needed additional time to have the videotape's audio enhanced because most of the sound is inaudible and to interview a UPS driver shown in the videotape making a delivery. She did not argue the videotape was withheld by the State or that the State delayed production of the video to her in any manner; rather, counsel argued she "could not do what [she] needed to do to effectively represent [her] client."

The simplest and most relevant fact here is that the videotape contains no exculpatory or other evidence that would have resulted in a different verdict, even if the sound had been enhanced and the background noise reduced. The trial court did not abuse its discretion in the denial of the request for continuance or recess.

**Mistrial**

"[A] mistrial shall be ordered . . . when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial. . . ." La.Code Crim.P. art. 775. As defense counsel concedes, mistrial is "a drastic remedy that is warranted only when the defendant has suffered substantial prejudice such that he cannot receive a fair trial. . . . The determination of whether actual prejudice has occurred lies within the sound discretion of the trial judge; this decision will not be

5

overturned on appeal absent an abuse of that discretion." *State v. Weary*, 03-3067, p. 36 (La. 4/24/06), 931 So.2d 297, 321, *cert. denied*, 549 U.S. 1062, 127 S.Ct. 682 (2006) (quoting *State v. Carmouche*, 01-405, p. 20 (La. 5/14/02), 872 So.2d 1020, 1035 and *State v. Wessinger*, 98-1234, p. 24 (La. 5/28/99), 736 So.2d 162, 183, *cert. denied*, 528 U.S. 1050, 120 S.Ct. 589 (1999).

Defense counsel argued mistrial was appropriate here because she "did not have the video in time to do what was necessary" to prepare for trial, and thus, her client could not obtain a fair trial. However, neither the briefs nor the record supply a credible suggestion that the evidence was helpful to Defendant's cause and/or that the State had taken any action to blindside Defendant with it. Therefore, the drastic remedy of mistrial is inappropriate.

### ASSIGNMENT OF ERROR NUMBER TWO
### *PRO SE* ASSIGNMENT OF ERROR NUMBER ONE

Defendant alleges the trial court erred in denying his motion to suppress without hearing any argument. The trial court denied the motion, filed on November 2, 2009, on the day the trial began, November 5, 2009, on grounds it was untimely filed and because it did not meet the provisions of La.Code Crim.P. art. 703(E)(1).

A motion to suppress must be filed within fifteen days of arraignment unless a party shows good cause why that time period is inadequate or "unless opportunity therefor did not exist or neither the defendant nor his counsel was aware of the existence of the evidence or the ground of the motion. . . ." La.Code Crim.P. art. 703(C), referring to La.Code Crim.P. art. 521. Louisiana Code of Criminal Procedure Article 703(C) also allows the trial court discretion to "permit the filing of a motion to suppress at any time before or during the trial."

Here, defense counsel's certificate of service shows Defendant's motion was

6

submitted on November 2, 2009. It is not stamped with the date of filing. Evidence at the hearing showed the State did not learn of the existence of the in-car videotape until November 3, 2009, and did not receive it until November 4, 2009. The district attorney sent a letter and a notice pursuant to La.Code Crim.P. art. 768 on November 4, 2009.[1]

The motion to suppress, "filed" on November 2, 2009, could not have been directed to the exclusion of the videotape because both parties alleged they did not know of its existence at that time. Thus, the November 2, 2009 motion was indeed untimely, and the trial court did not err in denying it for that reason.

The trial court further denied Defendant the opportunity to argue the motion on grounds it did not meet the requirement of La.Code Crim.P. art 703(E)(1) to allege "facts that would require the granting of relief." A motion to suppress is properly denied when it fails to seek the suppression of specific evidence for specific reasons. *State v. Richey*, 249 So.2d 143 (La.1971); *State v. Wilder*, 09-2322 (La. 12/18/09), 24 So.3d 197. The language of the motion (quoted hereinabove) did not seek to suppress specific evidence for specific reasons. Thus, the trial court did not err in refusing to hear argument on the motion, and it was correctly denied.

### *PRO SE* ASSIGNMENT OF ERROR NUMBER TWO

In his *pro se* brief, Defendant argues the trial court erred in denying his motion for a new trial on grounds "the state purposely withheld this video, or shall [Defendant] say it surely has evidence that it could have happened." He claims he did not get a fair trial because of the way the case was prepared and presented by the District Attorney "and the timing on it all." Defendant's motion for new trial alleged

---

[1]Although the letter was dated November 2, 2009, the District Attorney's paralegal testified it was actually prepared on November 4, 2009, along with the 768 notice.

7

a verdict contrary to the law and evidence and prejudicial error through the denial of the motion to continue and denial of argument on the motion to suppress. *See* La.Code Crim.P. art. 851(1), (2). Defendant's *pro se* allegations are unsupported by the record. The trial court did not err in denying Defendant's motion for new trial.

### *PRO SE* ASSIGNMENT OF ERROR NUMBER THREE

Defendant also argues ineffective assistance of counsel in his *pro se* brief. He alleges he told his counsel of the existence of the videotape shortly after her appointment on April 6, 2009.[2] Nevertheless, counsel did not file a motion to suppress the videotape until November 4, 2009.

The issue of ineffective counsel is more appropriately addressed in an application for post-conviction relief, where an evidentiary hearing can be conducted in the trial court. *State in the Interest of A.B.*, 09-870 (La.App. 3 Cir. 12/9/09), 25 So.3d 1012. However, where an ineffective assistance claim is raised on appeal, this court may address the merits of the claim if the record discloses sufficient evidence to rule on it. *Id.*

This record does not contain sufficient evidence to determine whether counsel was ineffective. The record gives no reason for counsel's alleged failure to seek production of the video prior to November 4, 2009. This issue is appropriately relegated to post-conviction relief.

### DECREE

Defendant's sentence and conviction are affirmed.

**AFFIRMED.**

---

[2]Defense counsel, in arguing for a continuance/mistrial, alleged she learned of the existence of the videotape on November 4, 2009.